[No. 8452. In Bank. — November 25, 1885.]

ROBERT CHRISTY, APPELLANT, *v.* SPRING VAL-
LEY WATER WORKS, RESPONDENT.

PRACTICE — NEW TRIAL — IRREGULARITY — WAIVER. — An irregularity in
the notice of intention to move for a new trial is waived by a failure to
make any objection on the ground of such irregularity either at the set-
tlement of the statement or on the hearing of the motion.

PARTITION — JUDGMENT — TITLE. — A judgment in partition is conclusive
upon all the parties thereto as to whatever title or claim they had to the
land at the time of the rendition of the judgment.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order re-
fusing a new trial.

The action was commenced September 17, 1880. The
remaining facts are stated in the opinion of the court.

*I. N. Thorne*, for Appellant.

*Fox & Kellogg*, for Respondent.

McKEE, J. — Appeal from a judgment for defendant,
and an order denying a motion for a new trial in an ac-
tion of ejectment tried by the court without a jury.

The motion was heard and decided upon a statement
of the case proposed, amended, settled, and certified as
required by subdivision 3 of section 659, Code of Civil
Procedure. The grounds of the motion were: 1. In-
sufficiency of the evidence to justify the decision; 2.
The decision is against law; 3. Errors of law; and the
statement contained specifications of the particulars in
which the evidence was alleged to be insufficient, and
of the particular errors of law upon which the moving
party intended to rely.

Neither at the settlement of the statement nor at the
submission of the motion was any objection made to any
irregularity in the proceeding on the motion. The motion
was contested and submitted for decision without object-

ing or reserving any right to object that the notice of the motion was not made or given according to law.   Such being the case, the attorney of the corporation defendant waived any supposable irregularity in the *notice* of the motion of which he now in this court for the first time seeks to avail himself.

The case, as disclosed by the statement, is an action of ejectment to recover possession of four parcels of land situate in the city and county of San Francisco, and described as parts of outside land, blocks Nos. 774, 775, 858, and 867.   At the commencement of the action the Spring Valley Water Works was in possession of the lands claiming to be seised in fee thereof, and that the plaintiff's right of action was barred by the statute of limitations.

The plaintiff's right of action is founded upon mesne conveyances of the property from one Robert S. Randall, to whom the property had been finally adjudged in severalty on the 23d of December, 1875, in an action between himself and the Spring Valley Water Works and others for the partition between them, as tenants in common, of a tract of land described as " that certain tract of land situated in the city and county of San Francisco and state of California, known as and being the southeast quarter of section 13, township 2 south, range 6 west, according to the United States survey of the state of California, and being more specifically and particularly described, as the same is delineated and shown on the map of the outside lands of the city and county of San Francisco, made under and by virtue of the provisions of order No. 800, as follows, to wit: All those certain blocks of land lying westerly of the San Miguel rancho, and numbered respectively 853, 854, 855, 856, 857, 868, 869, 870, 871, 872, 945, 946, 947, 948, 949; also so much of each of the following numbered blocks of land as lies within the fences inclosing said tract of land, erected by William Winter, John Kern, and others about the year 1861, to wit: Blocks Nos. 775, 776, 777, 778, 779, 780,

781, 852, 873, 944, 958, 957, 956, 955, 954, 953, 952, 950, 867, 858, all lying westerly of the San Miguel rancho."

To the complaint in that action the Spring Valley Water Works filed an answer, in which it averred ownership " in fee and in severalty of a portion of said tract containing about thirty acres, more or less," and denied that the plaintiff was tenant in common with it, or with any other of the defendants in the action, in said lands, or owned any interest in the same in common with the defendants or any of them. But the court found that the plaintiffs and the defendants were tenants in common of the tract of land sought to be partitioned; that the plaintiff was entitled to three eighths undivided interest in the tract, and the Spring Valley Water Works to five eighths undivided interest therein; and upon the interlocutory decree entered upon ascertaining the respective interests of the parties, an order for partition was entered according to law. The interlocutory decree was entered October 13, 1871, and such proceedings were had under it, that there was allotted and set over to Randall that portion of the property which is described in the complaint in the present action and to the Spring Valley Water Works a different portion of the partitioned premises. The allotments made were reported to the court, and the court on the 23d of December, 1875, "ordered, adjudged, and decreed that said report and all things therein contained do stand ratified and confirmed, and that the partition so made as aforesaid be firm and effectual forever."

That judgment was conclusive as to the title under which the parties to the action held in common the land partitioned between them. (*Morenhout* v. *Higuera,* 32 Cal. 289.) But it did not have the legal effect of changing the title, nor of vesting any new or additional title in the land allotted and set off to each in severalty. It had only the legal effect of severing the unity of possession. (*Wade* v. *Deray,* 50 Cal. 376.) So, at common

law, when partition was made, pursuant to the writ *de partitione facienda*, and the shares were allotted in severalty, and final judgment was given, that the partition be holden firm and effectual forever, nothing further was necessary; for the partition was completely effected. The judgment of law operated to vest in each party a sole estate in his allotment; but nothing further was wrought than to affirm or ascertain the possession. (*Cave* v. *Holford*, 3 Ves. 656.)

*Prima` facie*, therefore, the plaintiff was entitled to judgment against the defendant for the demanded premises, which had been allotted and set over to his grantor by the judgment in partition.

But by its decision the court below found ownership in fee of the demanded premises in the defendant at the commencement of the action. The decision is founded upon evidence of a new title acquired by the defendant. The evidence consisted of a deed, made on the 4th of January, 1871, by the city and county of San Francisco to George Turner, of a tract of land in the city and county of San Francisco, embracing the demanded premises; and a deed of said demanded premises executed and delivered by said Turner on the 28th of August, 1871, to the Spring Valley Water Works.

This deed was obtained by the defendant after it had filed its answer in the proceedings for partition, but before the rendition of any interlocutory judgment therein. By its answer it claimed to hold the land occupied by it adversely to the plaintiff; and under the answer, it could have given the deed in evidence to sustain its claim, or it could have obtained permission to amend its answer so as to include the deed as evidence of a right in itself acquired pending the proceedings.

In one way or the other, it was bound to disclose its adverse claims to the land, so that the court might ascertain and determine them. (*De Uprey* v. *De Uprey*, 27 Cal. 329; *Morenhout* v. *Higuera*, 32 Cal. 290; *Bolla* v. *Navarro*, 33 Cal. 465.)

If they were not disclosed, the judgment of the court established the title, as it was found to exist in the tenants in common, at the date of its rendition, and it was conclusive upon all the parties as to whatever title or claims to the land they had *then* in hand.

Presumably, the title established by the judgment was derived by the original tenants in common from the city of San Francisco as the source of title. Being tenants in common under titles derived from that source, they need not have resorted to the statutory mode of proceeding for partitioning the lands which they held under it. They could have made a voluntary partition among themselves by each particular tenant in common receiving from all the others a conveyance of the undivided shares of those others in the particular parcels of the tract intended to be allotted to that one respectively. If that mode had been followed, it is not doubtable that a conveyance executed and delivered at the date of the judgment by the Spring Valley Water Works and the other tenants in common, to their co-tenant, Randall, of the parcels of the land allotted to him, would have passed to him all the right in the land which had been acquired through the Turner deed by the Spring Valley Water Works. The judgment in partition under the code works in the same way. In the one case the deed, and in the other the judgment, operates as an estoppel to the parties making it, so as to prevent either from impeaching the title of the other.

The deed from Turner to the defendant, pending the partition proceedings, did not therefore vest in the defendant a new title to the demanded premises which can be maintained against the title established by the judgment in partition; and the decision of the court below that it vested ownership in fee of the land in the defendant is not sustained by the evidence, and is against law.

Judgment and order reversed, and cause remanded.

MORRISON, C. J., ROSS, J., and MYRICK, J., concurred.

THORNTON, J., dissenting.—I dissent. The title derived from Turner by the Spring Valley Water Works was never in issue in the partition suit mentioned in the prevailing opinion, and therefore was not bound by the judgment in that suit.

Rehearing denied.