### CROTHERS v. EDISON ELECTRIC CO. et al.

(Circuit Court, N. D. California. October 31, 1906.)

#### No. 13,918.

LIMITATION OF ACTIONS—EFFECT OF CHANGE IN STATUTE—CAUSES OF ACTION PREVIOUSLY ACCRUED.

The amendment of Code Civ. Proc. Cal. § 340, which took effect May 18, 1905, places actions for injury or death caused by the wrongful act or negligence of another in the class of actions which must be brought "within one year," without specifying when such period shall commence to run. The previous limitation was two years. *Held*, that as to the causes of action which had previously accrued, but were not barred under the old law, the new period of one year commenced to run when the amendment went into effect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 27.]

At Law. On demurrer to complaint.

F. H. Gould, for plaintiff.
H. H. Trowbridge, for defendant Edison Electric Co.
J. W. McKinley, for defendant Southern Pacific Co.

WOLVERTON, District Judge. This is an action to recover damages for the death of plaintiff's son, alleged to have been caused through the negligence of the defendant corporations. The casualty occurred December 7, 1904, and the action was commenced April 9, 1906. The statute of limitations in force when the cause accrued prescribed two years for bringing the action. On March 18, 1905, the Legislature of California amended the law limiting the period for commencing an action in such cases to one year, which amendment became effective May 18, 1905. The period of time that had elapsed,

therefore, between the time of the casualty and the taking effect of the amendment, was 5 months and 11 days, and the action was commenced 10 months and 22 days thereafter, being 16 months and 2 days after the cause accrued. The defendants interposed a demurrer to the complaint, challenging the plaintiff's right to maintain the action, on the ground that the statute of limitations had run when the action was instituted.

Counsel for the respective parties are entirely agreed that the limitation prescribed by the amendment is the one that applies to the present controversy, and the single point of difference is as to when the statute began to run with reference to the action—whether from the time of the casualty, or from the time when the amendment became operative. It is insisted on the part of plaintiff that it began running from the latter date, while, on the other hand, it is maintained that it began with the former.

The general rule applicable, together with the appropriate canon of interpretation, is pertinently stated by Mr. Wood, in his work on Limitations (section 12), as follows:

"If before the statute bar has become complete the statutory period is changed, and no mention is made of existing claims, it is generally held that the old law is not modified by the new, so as to give to both statutes a proportional effect; but that the time past is effaced, and the new law governs. That is, the period provided by the new law must run upon all existing claims, in order to constitute a bar. In other words, the statute in force at the time the action is brought controls, unless the time limited by the old statute for commencing an action has elapsed, while the old statute was in force, and before the suit is brought, in which case the suit is barred, and no subsequent statute can renew the right or take away the bar. The question, however, as to whether the statute is to have a retrospective operation, is one of construction, to be determined from the language of the act and the intention of the Legislature to be gathered from the act itself and the subject-matter to which it applies; the rule being, as previously stated, that a statute will not be permitted to have a retrospective operation unless such was clearly the intention of the Legislature."

In harmony with this enunciation of the law is the case of Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737, where almost the exact point in controversy is determined. There a new statute had been adopted limiting the time for commencing an action upon a judgment from another state to two years "next after the cause or right of such action shall have accrued." The court, in deciding the case, speaking through Mr. Justice Bradley, says:

"The court below held that as the defendant was a resident of Kansas when the act took effect, the time of limitation began to run in his favor as against the present cause of action from that period, and that the action might have been brought at any time within two years afterwards, and not having been brought within that period it was barred. * * * A statute of limitations may undoubtedly have effect upon actions which have already accrued as well as upon actions which accrue after its passage. Whether it does so or not will depend upon the language of the act, and the apparent intent of the Legislature to be gathered therefrom. When a statute declares generally that no action, or no action of a certain class, shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future. But, if an action accrued more than the limited time before the statute was passed, a literal interpretation of the statute would have the effect of absolutely barring such action at once. It will be presumed that such

was not the intent of the Legislature. Such an intent would be unconstitutional. To avoid such a result, and to give the statute a construction that will enable it to stand, courts have given it a prospective operation. In doing this, three different modes have been adopted by different courts. One is to make the statute apply only to causes of action arising after its passage. But, as this construction leaves all actions existing at the passage of the act without any limitation at all (which, it is presumed, could not have been intended), another rule adopted is to construe the statute as applying to such existing actions only as have already run out a portion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires—which reasonable time is to be estimated by the court—leaving all other actions accruing prior to the statute unaffected by it. The latter rule does not seem to be founded on any better principle than the former. It still leaves a large class of actions entirely unprovided with any limitation whatever, or, as to them, is unconstitutional, and is a more arbitrary rule than the first. A third construction is that which was adopted by the court below in this case, and which we regard as much more sound than either of the others."

This doctrine has the approval, also, of the Supreme Court of California, in Swamp Land District No. 307 v. Glide, 44 Pac. 451, where Mr. Justice Henshaw, announcing the opinion, says:

"But a man has no vested right in the running of the statute of limitations until it has completely run and barred the action; and, when a change in the statute is made during the time of its running, that time is not a credit to the defendant, under the new law. The whole period contemplated by the new law must lapse, to bar the action. Such are the general rules applicable alike to criminal and civil actions, unless the new act itself expresses a contrary intent."

So that it would seem that the question whether the new law shall begin to run from the time of the casualty, or from the time the law became operative, is one mainly for construction of the statute; the presumption being that it was not intended to be retroactive, unless so expressed, or unless such intendment is to be gathered from the words of the act. The statute (Code Civ. Proc.) as amended, reads:

"Sec. 335. Periods of Limitation Prescribed. The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows: Sec. 340. Within One Year. * * * (3) An action for * * * injury to, or for the death of one caused by the wrongful act or neglect of another."

It will be noted that the statute simply prescribes that the action shall be begun within one year. There is an entire omission of the mention of any specific time from which the limitation shall begin to run. Many statutes, as was the case in the Kansas act referred to in the Sohn Case, supra, employ the expression "next after the cause or right of action shall have accrued," or one of similar import. For all actions arising after the amendment, the law would imply, undoubtedly, that the limitation should begin to run from the time the action accrued; but for such as arose prior thereto, and as to which the old statute had not yet run, the omission alluded to would seem to indicate an intendment that the litigant should have the whole of the new period adopted in which to sue. Indeed, the law being remedial, the very literal interpretation would give it that meaning. In the Sohn Case the court refused to adopt a literal interpretation, because it would render the act void as unconstitutional; but here such an interpretation

is, not only the very natural one, but it renders the act constitutional as well. By how much stronger, therefore, is the reason for adopting the construction that the litigant shall have the whole of the period from the time of the taking effect of the amendment in the present controversy than in the Sohn Case. But whatever may be the logic of the rule, it is plain that it has direct application here, and, having the sanction of the highest judicatory of the local courts, as well as of the federal, it must be accepted as controlling.

A year not having elapsed between the date on which the amendment became operative and that of the commencement of the action, it follows that the demurrer was not well taken.