[S. F. No. 7795.  In Bank.—May 4, 1916.]

SAN FRANCISCO–OAKLAND TERMINAL RAILWAYS (a Corporation), Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

NEW TRIAL—LIMITATION ON POWER OF COURT TO DETERMINE—AMENDMENT OF 1915.—The amendment of 1915 to section 660 of the Code of Civil Procedure, limiting the power of the trial court to pass on a motion for new trial to three months after the verdict or service on the moving party of notice of the decision, and providing that if the motion is not determined within said three months, the effect shall be a denial of the motion without further order of the court, is a valid exercise of legislative power.

ID.—AMENDMENT DOES NOT OPERATE RETROACTIVELY.—The amendment, notwithstanding it contains no saving clause, should not be construed as being applicable to proceedings on motion for new trial pending at the time it became operative.

APPLICATION for a Writ of Mandate directed to the Superior Court of Alameda County, and to T. W. Harris, a Judge thereof.

The facts are stated in the opinion of the court.

W. H. Smith, A. L. Whittle, Frank B. Lorigan, Chapman & Trefethen, and Chickering & Gregory, for Petitioner.

Ostrander, Clark & Carey, Theodore A. Bell, Milton Newmark, and Clarence N. Riggins, *Amicus Curiae,* for Respondents.

ANGELLOTTI, C. J.—This is a proceeding in *mandamus* to compel respondents to hear and determine on its merits a motion for a new trial regularly made by petitioner in an action in said superior court, in which one Theo. C. Forrester is plaintiff and petitioner is defendant. The alleged ground of respondents' refusal to act is that its power to pass on said motion has expired by reason of the provisions of section 660 of the Code of Civil Procedure, as amended August 8, 1915. The matter has been submitted for decision on a demurrer to the petition.

The case of Forrester against petitioner was tried with a jury and a verdict rendered in favor of Forrester for eight thousand five hundred dollars on June 29, 1915. Judgment was entered on said verdict on June 30, 1915. Within the time allowed by law and as extended by stipulation, viz., on July 19, 1915, petitioner duly served and filed notice of its intention to move for a new trial on various grounds, the notice stating that the motion would be made upon a bill of exceptions to be thereafter prepared and served. All this was in accord with the law as it then was. On August 27, 1915, petitioner appealed from the judgment. On November 8, 1915, the bill of exceptions was regularly signed, certified, and filed. The hearing of petitioner's motion for a new trial was then set for November 26, 1915, and was by consent of counsel postponed from time to time until March 15, 1916. On the day last named, respondents finally refused to hear and determine said motion on its merits.

Section 660 of the Code of Civil Procedure was amended in 1915, the amendment taking effect August 8th, by the insertion, among other things, of this provision, viz.: "The power of the court to pass on motion for new trial shall expire within three months after the verdict of the jury or service on the moving party of notice of the decision of the court. If such motion is not determined within said three months, the effect shall be a denial of the motion without

further order of the court." This provision has been held to be a valid exercise of legislative power. (*Lancel* v. *Postlethwaite, ante,* p. 326, [156 Pac. 486].) Prior thereto this section had contained in this regard simply the provision that it still contains, one substantially to the effect that the motion for a new trial must be heard at the earliest practicable time after the record is in such condition as to permit its being heard. No express saving clause as to proceedings on motion for a new trial initiated before the taking effect of the amendment is contained in the section. As on March 15, 1916, more than three months had expired after the verdict of the jury, and also after the taking effect of the amendment and the settlement and filing of the bill of exceptions on which the motion was to be heard, it is clear that upon no theory can petitioner now require the superior court to pass on its motion for new trial, if the provision quoted is construed as applicable under the circumstances stated. In such event the motion stands denied by reason of the failure of the superior court to act within the time prescribed. The question is whether the provision should be construed as being in any way applicable to proceedings on motion for new trial initiated prior to the amendment, and pending at that time.

By an amendment to another section of our Code of Civil Procedure, also taking effect August 8, 1915, [Stats. 1915, p. 209], the right of appeal from an order denying a new trial was abolished. (Code Civ. Proc., sec. 963.) It has been held that as to the right of appeal from such an order it is the condition of the law at the time of the denial of the motion for new trial that controls, regardless of whether the proceeding for a new trial was initiated prior to or subsequent to the change in the law. (See *Woodruff* v. *Colyear, ante,* p. 440, [156 Pac. 475].) This ruling, however, is in no way determinative of the question presented by this application. No question of the giving of anything in the nature of a retroactive effect to a statute was involved, but the order was held to be nonappealable simply because at the time it was made there was no law, constitutional or statutory, authorizing an appeal from or other review of such an order. On the other hand, we have declined to dismiss appeals pending from such orders made prior to the abolition of such right of appeal and taken when the law authorized such an appeal,

for the reason that to so do would be to give the change in the statute a retroactive effect not intended by the legislature. No written opinion was filed to that effect, but such were the rulings from the bench.

The provision of section 660 of the Code of Civil Procedure involved in this proceeding is entirely new, nothing of a similar nature having before been included in our statutory provisions relating to motions for a new trial. As said in *Lancel* v. *Postlethwaite, supra,* it is a provision "designed to secure a speedy determination of a motion for a new trial, and thus to obviate one of the many delays preceding the review by an appellate court of the proceedings of the trial court," and its effect is to limit the power of a trial court to grant a new trial to a time "within three months after the verdict of the jury or service on the moving party of notice of the decision of the court." We do not think this provision may fairly be construed, as suggested by counsel for respondents, as authorizing a trial court to pass on a motion for new trial pending at the time it went into effect, at any time within three months *after it so went into effect,* or at any time within three months after the record on which such motion was to be heard is finally settled. The only time expressed in the provision is "within three months *after the verdict of the jury or service on the moving party of notice of the decision of the court."* In *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48], subsequent to the entry of judgment the statute fixing the time within which an appeal could be taken therefrom was changed by reducing the time from twelve months from entry to six months from entry. While the appeal there was not taken within six months after the entry of judgment, it was taken within six months after the change in the law took effect, but it was not sustained for this reason. The court squarely held that to apply the statute to judgments entered before it went into effect would give it a retroactive effect, and that the statute gave *"no time whatever* . . . to appeal in those cases in which judgments had been entered six months or more previously," and in view of this construction and the consequent cutting off of the right of appeal if the law were construed as retroactive, it was held that the legislature intended that the operation of the law should be limited to "judgments thereafter entered." This decision is clearly opposed to the sug-

gestion of counsel for respondents that under the provision the trial court had power to pass on the motion within three months after its taking effect, or within three months after the bill of exceptions was settled and filed. Decisions cited by counsel involving statutes shortening the period of limitation for the commencement of legal proceedings (*Crothers* v. *Edison Electric Co.,* 149 Fed. 606, *Garrison* v. *Hill,* 81 Md. 551, [32 Atl. 191]), to the effect that the reduced period will be held to commence to run only from the time the change becomes operative and not from the date the cause of action accrued, concern a somewhat different subject matter, and are hardly in point on principle. We are here dealing with a provision of law which deprives a court of power to pass on a motion for new trial unless such power is exercised within a specified time *after verdict or notice of decision.* The time is designated in clear and unequivocal terms, and if the provision is applicable at all to proceedings pending at the time it became operative, its terms are such, in our opinion, as to preclude a construction to the effect that it did not absolutely take away from a trial court the power to pass on the motion for a new trial after the expiration of three months from the rendition of the verdict or service on the moving party of the notice of the decision of the court, regardless of all other circumstances.

This being the construction that must be given to the provision, we have no doubt that it should not be construed as applicable to proceedings on motion for new trial pending at the time it became operative. *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48], is practically controlling as to this. We have already substantially stated the question decided in that case. There was involved the question of the application of a statute shortening the time within which an appeal might be taken from a judgment from one year to six months to judgments entered prior to the taking effect of the statute. The statute contained no saving clause as to judgments entered prior to such time. Holding that if this statute were to be construed as applicable to such judgments, the effect would be to absolutely cut off at the very instant it went into effect the right of appeal from any judgment entered six months or more previously, the court said: "Unless it is absolutely necessary, we should not impute such an intention to the legislature. In view of the construction which has almost

invariably been given to statutes of this character, I feel sure that the legislature intended that its operation should be limited to judgments thereafter entered.'' In the case of the provision here involved, if the same be held applicable to proceedings on motion for new trial pending at the time it took effect, the result would be to absolutely cut off at that moment the right of the party to have the determination of the trial court on his motion regularly instituted and prosecuted, in all cases where the verdict was rendered or notice of the decision given three months or more before the provision became a law. As said in *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48], ''no such intention should be imputed to the legislature unless absolutely necessary.'' Under the circumstances we are satisfied that it must be held that the operation of the provision in question was intended to be limited to proceedings on motion for new trial initiated after the change in the law. Especially is this true in view of the decision in *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48], which, it is only fair to assume, was in the minds of those enacting the provision, and to them declared the rule by which their enactment would be construed by the courts.

Let a peremptory writ of mandate issue in accord with the prayer of the petition.

Shaw, J., Melvin, J., Sloss, J., and Lawlor, J., concurred.

Rehearing denied.