[Civ. No. 2426.   First Appellate District, Division One.—June 20, 1919.]

FRANCIS CORMOND, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

[1] NEW TRIAL—APPEAL FROM ORDER GRANTING—NOTICE OF INTENTION—INCORPORATION IN RECORD.—A copy of the notice of intention to move for a new trial, though incorporated in the transcript, is not a part of the judgment-roll, and where it is not made a part of the bill of exceptions, it cannot be considered as a part of the record on appeal from the order granting the motion.

[2] ID.—STIPULATION AND CERTIFICATE AS TO CORRECTNESS OF TRANSCRIPT—INSUFFICIENT RECORD NOT CURED.—In such case, even though the parties stipulate to the correctness of the transcript,

neither such stipulation nor the certificate of the clerk that the papers in the transcript are true copies of the originals can supply what the law requires should be made to appear in the bill of exceptions.

[3] ID.—TIME OF FILING NOTICE—INSUFFICIENT RECORD — PRESUMPTIONS.—Where a notice of intention to move for a new trial was served two days before the effective date of the amendment in 1915 of section 659 of the Code of Civil Procedure, but it does not appear from the bill of exceptions when such notice was filed, the appellate court will assume, in support of the order of the trial court granting a new trial, that it was filed prior to said amendment.

[4] ID.—INSUFFICIENT NOTICE OF MOTION — WAIVER OF DEFECTS.—While a statement that "there is no evidence to sustain the verdict in favor of the defendant and against plaintiff" was not a sufficient specification of particulars in which the evidence was claimed to be insufficient, under section 659 of the Code of Civil Procedure, before its amendment in 1915, where the defendant tacitly consented to the hearing of the motion on each of the grounds specified in the notice, it must be held to have waived the defect in the notice.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Cannon, Wm. Abbott and Kingsley Cannon for Appellant.

Perry Evans for Respondent.

WASTE, P. J.—This is an appeal by defendant from an order granting plaintiff's motion for a new trial in an action for damages for personal injuries.

On the 10th of December, 1913, at about the hour of 2 o'clock in the afternoon of that day, an east-bound Sutter Street car, operated by the defendant, collided with a wagon then being driven by plaintiff in a southerly direction across the intersection of Sutter and Franklin Streets in the city of San Francisco. As a result of the collision plaintiff was thrown from the wagon and injured. He thereupon instituted this suit for damages, claiming that (1) the car was operated by defendant at a negligently

excessive rate of speed, and (2) that defendant failed to avail itself of a last clear chance to avoid the accident. The defendant, by its answer, set up the defenses of contributory negligence and the failure on plaintiff's own part to avail himself of a last clear chance.

Upon the issues thus framed the case was tried before a jury, which on July 3, 1915, returned its verdict in favor of defendant. Judgment being entered upon the verdict, plaintiff moved for and was granted a new trial upon one or other of the grounds set forth in his notice of intention.

Section 659 of the Code of Civil Procedure, prescribing the manner of making an application for a new trial, was amended in the year 1915, the amendment taking effect on August 8th of that year; as was also section 660, which provides, among other things, that unless a notice of intention to move for a new trial be determined within three months from the date of the verdict, it is deemed denied. In this case it is admitted that the notice of intention was served two days before the effective date of said amendment to section 659, but defendant claims that it was not filed until two days after such change in the law. The motion was not decided until five months after the verdict. Defendant for the first time in its reply brief contends that in order to initiate a proceeding for a new trial, both the service and filing of the notice are essential, and, accordingly, that the notice having been filed after the amendment referred to went into effect, the proceeding was governed by the law as amended; and the motion not having been decided within three months from the rendition of the verdict, the order granting the new trial was void.

[1] While an interesting question is thus presented as to whether or not the law as it existed before or after its amendment governs the present case, the condition of the record upon this point precludes us, we think, from considering it. Incorporated in the transcript is a copy of the notice, which purports to show, as claimed by defendant, that it was filed after said amendment went into effect; but this paper is not a part of the judgment-roll, nor in the present case is it made a part of the bill of exceptions. It cannot, therefore, be considered as a part of the record on appeal from the order granting the motion. (*Carver* v. *San Joaquin Cigar Co.*, 16 Cal. App. 761, 765, [118 Pac.

92]; *Leonard* v. *Shaw*, 114 Cal. 69, [45 Pac. 1012].) The stipulation as to the correctness of the transcript is not signed by the parties; but even if it were, neither it nor the certificate of the clerk that the papers in the transcript are true copies of the originals can supply what the law requires should be made to appear in the bill of exceptions. (*Carver* v. *San Joaquin Cigar Co., supra; Sprigg* v. *Barber,* 122 Cal. 573, [55 Pac. 419].)   [3]   From the bill of exceptions, then, it not appearing when the notice of intention was filed, we will assume in support of the order of the trial court that it was filed prior to said amendment.

This conclusion brings us to a consideration of the question argued at length in the briefs.

[4]   The motion for a new trial was made upon the minutes of the court and was based upon the insufficiency of the evidence to justify the verdict and upon errors of law occurring at the trial. The order granting the motion was in general terms. An examination of the record discloses that the court committed no error in the admission or rejection of evidence, nor in its instructions to the jury. Its order, therefore, must be sustained, if at all, upon the first ground stated. As to that ground, it appears from the record that plaintiff's only specification of particulars in which the evidence is claimed to be insufficient is the bald statement that "there is no evidence to sustain the verdict in favor of the defendant and against plaintiff"—admittedly an insufficient specification under section 659 of the Code of Civil Procedure, before its amendment. (*San Francisco-Oakland Terminal Rys.* v. *Superior Court,* 172 Cal. 541, [157 Pac. 604]; *Strange* v. *Strange,* 23 Cal. App. 281, [137 Pac. 1104]; *Western Pac. Land Co.* v. *Wilson,* 19 Cal. App. 338, [125 Pac. 1076].)   It is therefore argued by appellant that the order granting the new trial could not have been predicated upon the insufficiency of the evidence to support the verdict. But it is claimed by plaintiff—and we think with reason—that the defendant waived this defect. It appears that the bill of exceptions was made up and agreed to by the parties, and contains all the proceedings and material evidence and testimony in the case; and it further appears that such proceedings and evidence were used and referred to upon the hearing of the motion. The record clearly discloses that an examination of all the

evidence in the case was unnecessary to a consideration of the claimed errors of law, and as all the evidence was incorporated in the bill of exceptions with defendant's consent, and with a stipulation by the parties that all the evidence was used and referred to at the hearing of the motion, and the bill fails to show any objection by appellant to the consideration of the claimed insufficiency of the evidence because of lack of specification of particulars, it would seem to necessarily follow that this point was presented to and passed upon by the trial court. The condition of the record and the manner in which it was prepared sufficiently show that the appellant tacitly consented to the hearing of the motion on each of the grounds designated in the notice. Under these circumstances it must be held that the defect in the notice was waived by the appellant. In *Christy* v. *Spring Valley Water Co.*, 68 Cal. 73, [8 Pac. 849], no objection that the notice of intention to move for a new trial was not in time was made at the settlement of the statement or at the hearing of the motion, referring to which situation the court said: "The motion was contested and submitted for decision without objecting or reserving any right to object that the notice of the motion was not made or given according to law. Such being the case, the attorney of the corporation defendant waived any supposable irregularity in the notice of the motion of which he now in this court for the first time seeks to avail himself." (See, also, *Harrigan* v. *Lynch*, 21 Mont. 36, 42, [52 Pac. 642]; 1 Hayne on New Trial and Appeal, sec. 14.)

The trial court, then, being in a position where it could rightfully consider the question of whether the evidence was sufficient to support the verdict, granted the plaintiff's motion, and we cannot say that in so doing it abused the discretion vested in it.

The order is therefore affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 18, 1919.

Angellotti, C. J., Shaw, J., Lawlor, J., Wilbur, J., and Olney, J., concurred.