[Civ. No. 7801. Second Appellate District, Division One.—September 24, 1931.]

In the Matter of the Estate of JOHN G. CLARK, Deceased. ALTA J. McLELAND, Appellant, v. DANIEL B. CLARK et al., Respondents.

Friedlander & Gray and Lorrin Andrews for Appellant.

R. T. Walters for Respondents.

YORK, J.—This is an appeal from an order sustaining demurrer without leave to amend to the petition of contestant to revoke probate of the will of decedent, and from the judgment of dismissal entered pursuant thereto.

The will of decedent was admitted to probate and letters testamentary issued on April 8, 1929. On that date, section 1327 of the Code of Civil Procedure provided that "any interested person may at any time *within one year* after probate file a petition to revoke probate of the will". An amendment to this section (Stats. 1929, p. 860), which became effective on August 14, 1929, cut down to six months the time within which a contest could be initiated. On February 25, 1930, the contestant, alleging that she was a pretermitted heir of the decedent, filed her petition to revoke the probate of the will. A demurrer that the petition was barred by section 1327 was sustained without leave

to amend, and contestant appeals from such order and from the judgment of dismissal entered pursuant thereto.

Appellant maintains that the court committed error in sustaining the demurrer for the reason that the law, as it stood at the time the will was admitted to probate, is the governing factor, and that the amendment applies only to wills probated after its effective date. In other words, that appellant had one year from the date the will was probated —April 8, 1929—within which to commence her action to revoke it. Respondents, on the other hand, contend that the law which was in force at the time the petition to revoke probate was filed, applies; and that appellant having failed to commence her contest within six months after the effective date of the amendment, the demurrer was properly sustained. In support of their contention, respondents cite the case of *In re Whiting's Estate*, 110 Cal. App. 399 [294 Pac. 502]. In that case the contest was filed two days short of one year after the will was admitted to probate, but within two months and fourteen days after the amendment to section 1327, *supra*, became effective. A demurrer grounded upon the amended section was sustained. The contestants appealed, contending that they had a full six months after the effective date of the amendment within which to contest the will, and therefore their petition was filed in time. The court upheld contestants' views and in the course of its opinion cited the case of *Swamp Land Dist. No. 307* v. *Glide*, 112 Cal. 85 [44 Pac. 451, 452], in which it was stated: "But a man has no vested right in the running of the statute of limitations until it has completely run and barred the action; and, when a change in the statute is made during the time of its running, that time is not a credit to the defendant, under the new law. *The whole period contemplated by the new law must lapse, to bar the action.* (Italics ours.) Such are the general rules applicable alike to criminal and civil actions, unless the new act itself expresses a contrary intent." From this it would seem that when six months had elapsed after the effective date of the amendment, appellant's right to contest the probate of the will here involved was barred.

The order and judgment appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.