[Civ. No. 8026. Second Appellate District, Division One.—December 26, 1931.]

In the Matter of the Estate of CARRIE SEE VENNERS, Deceased. PAUL VENNERS, Individually and as Administrator, etc., et al., Appellants, v. JAMES P. YATES, Individually and as Executor, etc., et al., Respondents.

Roger Marchetti, Benjamin F. Crow and Montgomery G. Rice for Appellants.

George L. Greer, S. L. Carpenter, Hiram T. Kellogg and Tanner, Odell & Taft for Respondents.

YORK, J.—This is an appeal from a judgment entered on a directed verdict in favor of proponents of the last will and testament of Carrie See Venners, deceased.

The contestants, who are the stepchildren of deceased, filed their application to revoke probate of the will of decedent, on the grounds of unsound mind and incapacity to make a valid will, and undue influence. Under the will, George Venners, who was the husband of decedent and who survived her just five days, was devised a life estate in certain property belonging to decedent, with remainder over to relatives of deceased.

There was evidence tending to show that the decedent was a woman of strong likes and dislikes; that she quarreled with and was not on good terms with the members of her family—the proponents—for some years prior to her demise; that she and her husband were devoted to each other, and that he served as her nurse and constant companion during the last weeks of her life; that she suffered from cancer and that this was the cause of her death; that she and her husband had apartments in the home of her sister for about two months prior to her death, and that the will here involved was drawn while she was living at the home of her sister, and that decedent's husband was present at the time the will was executed.

On the other hand there is no evidence that decedent did not possess the mental capacity to know and recollect those who had natural claims upon her bounty, the extent of her possessions, and the persons to whom she desired these possessions to be distributed, at the time she executed the will here in question. Neither is there any evidence that her mind was under the domination or control of any person at the time the will was executed. It was admitted by the executor of the will that the decedent had discussed with him at various times the disposition of her property, he being a business acquaintance of years' standing. Contestants claim that it was unnatural for decedent to devise to her devoted husband a life estate only in her property, instead of giving it to him outright; and further, that it was an unnatural act on the part of decedent to devise her property to her relatives toward whom she had shown such ardent dislike during her lifetime. The evidence shows that in giving her husband a life estate in her property, she sought to protect his interests and to provide care for his old age.

We are of the opinion that there was no error on the part of the trial court in directing a verdict in favor of proponents.

The respondents in their brief make the point that the superior court was without jurisdiction to entertain this proceeding to revoke probate of the will, because of the provisions of section 1327 of the Code of Civil Procedure, which limit the time within which such proceedings may be brought to six months after the will is admitted to probate. The will was admitted in this case on March 18, 1929. At that time section 1327 of the Code of Civil Procedure limited the time within which a contest could be instituted to one year. The statute was amended by the legislature in 1929 (Stats. 1929, p. 860, sec. 2), reducing the time to six months. This amendment became effective on August 14, 1929. The original petition to revoke probate of the will was filed on December 2, 1929, a little over eight months after admission of the will to probate, and less than four months after the effective date of the amendment to section 1327 of the Code of Civil Procedure. Respondents claim that the amendment had the effect of cutting down the time within which a contest could be instituted to six

months from the date of the admission of the will to probate. This contention is in error. This point was decided by this court in the *Estate of Clark*, 117 Cal. App. 64 [3 Pac. (2d) 330], on September 24, 1931. It was there held that the right to contest the probate of a will is not barred under section 1327 of the Code of Civil Procedure until six months have elapsed, after the effective date of the amendment, to wit: Six months after August 14, 1929. ▬ We see nothing in the point made that the amended petition which was filed June 14, 1930, stated a new cause of action and was therefore barred by said section 1327.

The judgment appealed from is affirmed.

Conrey, P. J., concurred.

Houser, J., did not participate.