[Civ. No. 7919. Second Appellate District, Division One.—December 18, 1933.]

M. ESSEY, Respondent, v. MAUDE P. PHILLIPS, Appellant.

Fred E. Peterson and Berge Lion for Appellant.

James E. Mahon for Respondent.

HOUSER, J.—The pertinent facts adduced by the evidence introduced on the trial of the action in the trial court appear to be as follows:

One Herman was the owner of certain real property subject to the lien of a mortgage thereon in the sum of $11,000, which real property he sold to Maud P. Phillips, appellant herein, for the sum of $18,000;—in payment of which Mrs. Phillips gave to Herman $3,000 in cash, a promissory note executed by her in favor of Herman for the sum of $4,000 secured by a deed of trust (or second lien) on the property; and assumed the existing indebtedness of $11,000 thereon. Thereafter Mrs. Phillips sold the property to Babdaty, who assumed not only the payment of the original indebtedness of $11,000 against the property, but as well the payment of the balance then due on the $4,000 promissory note secured by the deed of trust. After making several payments on account of the $4,000 promissory note, Babdaty defaulted. Thereupon in due course a "foreclosure" of the deed of trust was had, which resulted in the sale of the property for the sum of $1,000, which sum, after deducting therefrom the expenses incident to the sale, was credited as a payment on the $4,000 promissory note. Shortly after such sale had taken place, Babdaty again purchased the property from Herman. In doing so, and as a part of the transaction, Herman sold and assigned

the $4,000 promissory note executed by Mrs. Phillips to one Essey (respondent herein), who paid no consideration therefor, but who at all times was the agent of Babdaty. Essey then commenced an action in the superior court against Mrs. Phillips to recover a judgment for the balance then due and unpaid on the original $4,000 promissory note.

By the answer to the complaint, in substance the defendant in the action set up three several alleged defenses thereto, as follows:

"(1) That the note had been paid in full;

"(2) that the amount bid for the property at the foreclosure sale under trust deed was inadequate;

"(3) that there was a failure of consideration."

The findings of fact by the trial court were in accordance with the allegations of the complaint, and against the ultimate facts upon which the several defenses of the defendant were predicated. From the ensuing judgment in favor of the plaintiff, the defendant has appealed to this court.

Although by the allegations contained in the answer to the complaint no direct issue was presented regarding the fact that at the time when he purchased the property from Mrs. Phillips, Babdaty *assumed and agreed to pay* the $4,000 promissory note, or the amount then remaining unpaid thereon, the evidence with reference thereto, which was introduced without objection on the part of the plaintiff in the action, is without conflict to that effect. Indeed, the direct statements in the testimony given by Babdaty himself again and again admitted that such was the fact. In such circumstances, the rule of law in this state is that he became "the principal debtor" on the $4,000 promissory note, and that Mrs. Phillips was the surety. (*Williams* v. *Naftzger*, 103 Cal. 438 [37 Pac. 411]; *Hopkins* v. *Warner*, 109 Cal. 133 [41 Pac. 868]; *Roberts* v. *Fitzallen*, 120 Cal. 482 [52 Pac. 818]; *Robson* v. *O'Toole*, 45 Cal. App. 63 [187 Pac. 110]; *Williams* v. *Coleman*, 70 Cal. App. 400 [233 Pac. 397], and authorities therein respectively cited.)

It is therefore evident that it would be most inequitable to permit Babdaty, through his agent Essey (the plaintiff in the action), to compel Mrs. Phillips to pay a debt for which Babdaty was primarily liable. Notwithstanding the fact that no direct issue was presented by the pleadings to the effect that Babdaty had assumed and agreed to pay the

indebtedness represented by the unpaid balance on the promissory note of $4,000, and consequently that no finding of fact in that regard was made by the trial court,—since it unquestionably appears by the evidence adduced on the trial of the action that Babdaty had assumed and agreed to pay the former obligation of Mrs. Phillips,—by the provisions of section 956a of the Code of Civil Procedure (which statute is based upon section $4\frac{3}{4}$ of article VI of the Constitution), as well as by judicial interpretation of such statute (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 Pac. 970]), this court is authorized to direct that the findings of fact be so amended.

Accordingly, it is ordered that the judgment be and it is reversed; furthermore, that the trial court be and it is directed to amend its findings of fact as hereinbefore indicated, and thereupon to render its judgment in favor of the defendant in the action.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 15, 1934.