[Civ. No. 9978. Second Appellate District, Division Two.—June 28, 1935.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. MARCUS P. DENNISON et al., Respondents.

Louis Ferrari, Edmund Nelson, John E. Walter, O'Melveny, Tuller & Myers and Louis W. Myers for Appellant.

Scott McReynolds and Samuel F. Hollins for Respondents.

Farrand & Slosson, Edward W. Tuttle and Harold E. Haven, as *Amici Curiae* on Behalf of Respondents.

WILLIS, J., *pro tem.*—A rehearing was granted in this case and arguments both written and oral have been presented by counsel for the respective parties and by *amici curiae*, to which we have given careful consideration. As a result we find ourselves confirmed in the belief that our views expressed in the first decision were and are correct and not in conflict with any previous decisions of our state appellate courts, excepting that in *Estate of Clark*, 117 Cal. App. 64 [3 Pac. (2d) 330]. While our views previously expressed appear out of harmony with those found in *Crothers* v. *Edison Electric Co.*, 149 Fed. 606, *Estate of Whiting*, 110 Cal. App. 399 [294 Pac. 502], and *Estate of Venners*, 119 Cal. App. 417 [6 Pac. (2d) 544], cited and relied upon by respondents and

*amici curiae,* nevertheless the decisions in those cases are not in conflict with the decision herein announced and do not interpose any obstacle to a decision in this case in conformity to our original views. The case of *Estate of Clark, supra,* embodies in its decision a doubt as to its correctness, and we now choose to resolve that doubt in again giving expression to what we firmly believe to be the true and correct interpretation of the statutes in question and the applicability thereof to the facts of this case.

Plaintiff commenced this action on March 20, 1934, to recover the balance due on a promissory note, executed by respondents Marcus P. Dennison and Emma Dennison, on May 1, 1929, payable May 1, 1930, and which had been secured originally by a trust deed of certain real property and a chattel mortgage on certain personal property executed by the makers contemporaneously with the note, a sale having been had under such trust deed on August 15, 1932, and under the chattel mortgage on February 13, 1934. On February 3, 1931, respondent, Mariana V. de Topcte, accepted a deed of the real property described in the trust deed and assumed and agreed to pay the above-described note secured thereby, and at the same time executed and delivered to M. P. Dennison a chattel mortgage on certain personal property as additional security for $1,000 of the principal of said note, which chattel mortgage was, on July 20, 1932, assigned to appellant, and a sale was likewise had thereunder on February 13, 1934.

To the complaint setting forth the above facts, respondent Mariana V. de Topete, filed a separate demurrer alleging that the action was barred by the provisions of section 337 of the Code of Civil Procedure, more than three months having expired since the time of sale under the trust deed, and also that it was barred by the provisions of section 339 of the same code. Respondents Marcus P. Dennison and Emma Dennison filed a separate demurrer, stating the general ground of failure to state sufficient facts, and the further ground that it appeared from the facts stated that the action was not commenced within the time limited by sections 337 and 581a of the Code of Civil Procedure. It is conceded by the parties herein that section 580a was intended instead of 581a, and we will consider this case on the assumption that section 580a

was pleaded. Both demurrers were sustained without leave to amend, and separate judgments of dismissal were entered, from which this appeal is prosecuted.

Other than as affected by the plea of the statute of limitations, the complaint stated facts sufficient to constitute a cause of action against all the respondents. We must presume, therefore, that the demurrer of the Dennisons was sustained on the ground that the action was barred by the provisions of sections 337 and 580a of the Code of Civil Procedure.

At its session of 1933, the legislature amended subdivision one of section 337, which fixed a four-year limitation to bringing an action upon a contract, obligation or liability founded upon an instrument in writing, by adding a proviso that the time within which any action may be brought for a money judgment for the balance due upon an obligation, for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of such power of sale, *shall not extend beyond three months after the time of sale* under such trust deed or mortgage. At the same session section 580a was added as a new section to the Code of Civil Procedure, wherein it is provided, among other things, that any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of such power of sale, *must be brought within three months of the time of sale* under such trust deed or mortgage. Both these acts went into effect at the same date, August 21, 1933. As the sale under the trust deed herein occurred on August 15, 1932, nearly one year prior to such effective date, it is obvious that appellant could not comply with these new statutes after they became effective as laws.

It is recognized as a fixed rule that no one has a vested right in the statute of limitations until it has run in his favor, and that if a cause of action is not barred the legislature may shorten or extend the time within which it may be asserted, provided, however, adequate means of enforcing the right still remain. (*Kerckhoff-Cuzner Mill & Lumber Co.* v. *Olmstead*, 85 Cal. 80 [24 Pac. 648]; *Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330]; *Steinbauer* v. *Bondesen*,

125 Cal. App. 419 [14 Pac. (2d) 106].)　██　By section 3 of the Code of Civil Procedure it is provided that no part of that code is retroactive, unless expressly so declared. "It is settled that every statute will be construed to operate prospectively unless the legislative intent to the contrary is clearly expressed. . . . The rule that a statute is presumed to operate prospectively only, unless an intent to the contrary clearly appears, is especially applicable to cases where retroactive operation interferes with vested rights." (*Jones* v. *Union Oil Co.,* 218 Cal. 775 [25 Pac. (2d) 5].) "It is not disputed that the law of the forum can regulate the remedy, which, generally speaking, forms no part of the contract, and thus is not within the constitutional interdict. But it is just as well settled that the legislature has no right so to regulate the remedy as that it shall destroy the contract by denying all means of enforcement. A right without a remedy is, practically, no obligation at all. A contract is just as much impaired by a prohibition to sue upon it, as it is by direct legislative action declaring it void. It is the same thing for the legislature to say that a promissory note, now due and collectable, shall not be sued on if it has been due for a year, as to say that all promissory notes overdue that length of time, shall be void." (*Scarborough* v. *Dugan,* 10 Cal. 305.) In the case last cited it was held that an amendment to the former statute of limitations, which provided that actions on any judgment, contract, obligation or liability, for the payment of money or damages obtained, executed or made out of this state, could only be commenced within five years from the time the action has accrued, whereby the period was reduced to two years, could only be construed to apply to judgments not *in esse* at the time of the passage of the amendatory act, or as giving two years from the passage of the act within which to sue upon such as were not already barred by the former act. In *Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48], the court had under consideration a motion to dismiss an appeal which raised the question of the effect of an amendment of section 939 of the Code of Civil Procedure regulating time for appeal from judgments of the superior court. The amendment reduced the former period of twelve months to six months after entry thereof, and the judgment involved in that case was more than six months old at the date the amend-

ment went into effect. The court said: "It is quite obvious that great hardship is likely to result if a retroactive effect is given to this statute. One may be presumed to know the laws of the land, but the very instant this amendment took effect, if it be retroactive, the right of appeal was cut off at once. No time whatever was given to appeal in those cases in which judgments had been entered six months or more previously. Unless it is absolutely necessary, we should not impute such an intention to the legislature. In view of the construction which has almost invariably been given to statutes of this character, I feel sure that the legislature intended that its operation should be limited to judgments thereafter entered." This case was cited with approval in the case of *San Francisco etc. Rys.* v. *Superior Court,* 172 Cal. 541 [157 Pac. 604], wherein the court construed and applied the amendment of section 660 of the Code of Civil Procedure enacted in 1915, whereby the power of the superior court to pass on a motion for new trial was expressly limited to three months after the verdict of the jury or service of notice of decision of the court, instead of at the earliest practicable time as provided theretofore. No express saving clause as to proceedings on motion for a new trial initiated before the taking effect of the amendment was continued in the section as amended. The court said: "We do not think this provision may fairly be construed . . . as authorizing a trial court to pass on a motion for new trial pending at the time it went into effect, at any time within three months *after it so went into effect,* or at any time within three months after the record on which such motion was to be heard was finally settled. The only time expressed in the provision is 'within three months *after the verdict of the jury or service on the moving party of notice of the decision of the court'.*" Citing the Pignaz case the court then said: "The court squarely held that to apply the statute to judgments entered before it went into effect would give it a retroactive effect, and that the statute gave '*no time whatever* . . . to appeal in those cases in which judgments had been entered six months or more previously', and in view of this construction and the consequent cutting off of the right of appeal if the law were construed as retroactive, it was held that the legislature intended that the operation of the law should be limited to 'judgments

thereafter entered'. . . . We are here dealing with a provision of law which deprives a court of power to pass on a motion for new trial unless such power is exercised within a specified time *after verdict or notice of decision.* The time designated is in clear and unequivocal terms, and if its provision is applicable at all to proceedings pending at the time it became operative, its terms are such, in our opinion, as to preclude a construction to the effect that it did not absolutely take away from a trial court the power to pass on the motion for a new trial after the expiration of three months from the rendition of the verdict or service on the moving party of the notice of the decision of the court, regardless of all other circumstances. This being the construction that must be given to the provision, we have no doubt that it should not be construed as applicable to proceedings on motion for new trial pending at the time it became operative. *Pignaz* v. *Burnett, supra,* is practically controlling as to this.''

▮ Applying the rule clearly reflected in all the foregoing cases, and expressed in definite terms in the case of *Pignaz* v. *Burnett, supra,* and approved and applied in *San Francisco etc. Rys.* v. *Superior Court, supra,* we are constrained to hold that the amendment to section 337, and the terms of the new section 580a of the Code of Civil Procedure were not intended by the legislature to operate upon an action for money judgment for the balance due upon an obligation secured by a trust deed after sale thereunder where such sale had occurred before the act went into effect. We are satisfied that the legislature intended that the operation of these practically duplicate laws should be limited to cases where the sale took place after their effective date. ▮ And for the reasons given in the case of *San Francisco etc. Rys.* v. *Superior Court, supra,* we are equally convinced that these new laws may not fairly be construed as compelling action to be commenced within three months after such effective dates in cases where the sale has previously been made, for both these acts expressly require that action be brought within three months after the *time of sale.* To so construe them would in effect be judicial legislation rather than interpretation. In view of the rather extended quotations of such pertinent expressions of our appellate courts embodying the rules and creating authentic precedent for guidance and determination

of the law question arising under the record herein, it is unnecessary to add further comment. The decisions quoted declare the law and we apply it to the case at bar, and hold that it was error to sustain the demurrer of the respondents Marcus P. Dennison and Emma Dennison.

The separate demurrer of respondent Mariana V. de Topete, in so far as section 337 of the Code of Civil Procedure is concerned, was for the same reasons as above given, erroneously sustained. But in that demurrer there was also pleaded the bar of section 339 of the Code of Civil Procedure, embracing the two-year limitation as to actions upon a contract, obligation or liability not founded upon an instrument in writing with certain exceptions nor pertinent herein. This plea is predicated on the proposition that Mariana V. de Topete, on February 3, 1931, accepted a deed of the real property, encumbered by the trust deed here in question, in which it was stated that she assumed and agreed to pay the note secured thereby.

It is the settled rule in this state that where the grantee of the mortgagor or trustor in a deed of trust assumes the payment of the mortgage or note secured by the trust deed as part of the purchase price, he becomes, as to the mortgagor or trustor, the principal debtor, and the mortgagor or trustor the surety. (*Essey* v. *Phillips*, 136 Cal. App. 3 [28 Pac. (2d) 38]; *Tompkins* v. *Powers*, 106 Cal. App. 464 [289 Pac. 685].) The liability of the grantee in such a case is the indebtedness secured to be paid by the mortgage or trust deed. It must, however, be enforced by foreclosure of the mortgage in the one instance or by sale under the trust deed in the other, and a deficiency judgment may be entered against him only upon the security becoming exhausted. (Sec. 726, Code Civ. Proc.; *Newhall* v. *Bank of Livermore*, 136 Cal. 533 [69 Pac. 248]; *Bank of Italy etc. Assn.* v. *Bentley*, 217 Cal. 644 [20 Pac. (2d) 940].) It necessarily results in the case at bar that the statute of limitations must run against the trust deed obligation—the note secured thereby—for that is the grantee's liability, and not against the promise to pay the trust deed note as a new and independent agreement. (*Roberts* v. *Fitzallen*, 120 Cal. 482 [52 Pac. 818].) It therefore follows as a matter of law that section 339 of the Code of Civil Procedure is not applicable to the obligation of Mariana V. de Topete, but that the action against her

must be tested by the provisions of section 337 of the same code as it existed prior to the amendment of 1933. The earliest date on which this statute could begin to run under the facts alleged in the complaint was May 1, 1930. As this action was commenced on March 20, 1934, the four-year statute of limitations had not ripened into a bar.

The foregoing conclusions render it unnecessary herein to consider and determine the point raised by appellant that it was the legislative intent to limit the application of these new provisions to actions of the character here involved where a trust deed was the sole security for payment of the note, and not to apply to notes secured by security additional to that of a trust deed. Nor is it necessary to pass upon appellant's claim that the acts in question were violative of the constitutional inhibition against special legislation. (Const., art. IV, sec. 25.)

The judgments are and each of them is reversed and the cause remanded with directions to overrule the demurrers and each of them.

Crail, J., and Stephens, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.

Curtis, J., voted for a hearing.