[Civ. No. 12212. Second Appellate District, Division Two.—November 3, 1939.]

LOIS JEAN SECRETO, a Minor, etc., Respondent, v. ROY J. CARLANDER, Appellant.

George L. Greer and James V. Brewer for Appellant.

Don S. Irwin for Respondent.

McCOMB, J.—From an order granting plaintiff Lois Jean Secreto's motion for a new trial unless defendants consented that the verdict and judgment of the jury in the sum of $150 be increased to $1200, defendant Carlander appeals.

These are the essential facts:

A jury returned a verdict in favor of plaintiff Lois Jean Secreto in an action for damages in the sum of $150. Plaintiff filed a notice of intention to move for a new trial, reading as follows:

"TO THE ABOVE NAMED DEFENDANT, ROY J. CARLANDER, AND TO GEORGE L. GREER, HIS ATTORNEY:

"YOU AND EACH OF YOU ARE HEREBY NOTIFIED that the above named plaintiffs, Lois Jean Secreto, a

minor child, by Pearl Secreto, her guardian *ad litem*, Pearl Secreto and James Secreto, intend to move the above entitled court for its order vacating and setting aside the decision and/or judgment of said court rendered and entered in the above cause and/or for its order granting to said plaintiffs a new trial of said cause.

"Said motion will be made for the following causes materially affecting the substantial rights of said plaintiffs, to-wit:

"1. Irregularity in the proceedings of the court by which plaintiffs were prevented from having a fair trial;

"2. Orders of the court by which plaintiffs were prevented from having a fair trial;

"3. Abuses of discretion by which plaintiffs were prevented from having a fair trial;

"4. Insufficiency of the evidence to justify the verdict;

"5. That the verdict is against law;

"6. Accident or surprise which ordinary prudence could not have guarded against.

"7. Errors in law occurring at the trial and excepted to by the plaintiffs.

"8. That the damages awarded plaintiffs were inadequate to compensate for the injuries and damages indisputably proven.

"Don S. Irwin

Don S. Irwin

Attorney for plaintiffs"

Thereafter on January 27, 1939, after hearing the arguments on the motion for a new trial, the trial court made an order, the material part of which reads as follows:

" . . . If defendant files a written consent that the Verdict and Judgment on behalf of the minor Lois Jean Secreto, be amended so as to award said plaintiff $1200.00 instead of $150.00, the motion for a new trial will be denied; otherwise the motion will be granted."

Defendant Carlander relies for reversal of the order of the trial court in ruling on the motion for a new trial on these propositions:

*First: The trial court was without jurisdiction to grant a new trial, for the reason that the notice of intention to move for a new trial did not contain a statement that the*

*motion would be made upon affidavits or the minutes of the court or both.*

*Second: The trial court is without power in ruling upon a motion for a new trial to increase the amount of a jury award of damages, in the absence of the consent of both parties.*

*Third: The order granting the motion for a new trial did not specify that it was granted upon the ground of the insufficiency of the evidence to justify the verdict, if such be the reason, as required by section 657 of the Code of Civil Procedure. Therefore it must be presumed that the order was granted upon some other ground.*

The first proposition will not be considered by us, for the reason that the law is established in California that, where as in the instant case, a motion for a new trial is argued and submitted without any objection being made to defects in the notice of intention to move for a new trial, any irregularities therein are waived and may not be urged upon appeal. (*Christy* v. *Spring Valley Water Works,* 68 Cal. 73 [8 Pac. 849]; *Cormond* v. *United Railroads,* 41 Cal. App. 683, 686 [183 Pac. 218]; *Starkweather* v. *Eddy,* 196 Cal. 73, 75 [235 Pac. 334].)

The second proposition is untenable. The law is established in this state that as a condition for denying a motion for a new trial the trial court has the power to require the opposing party to consent to an increase of the amount of the jury's verdict to bring the amount of the verdict in conformity with the evidence. (*Adamson* v. *County of Los Angeles,* 52 Cal. App. 125, 131, 132 [198 Pac. 52].)

The final proposition is likewise without merit. It is settled that in an action for damages for personal injury a trial court on a motion for a new trial has the power, if the judge believes the amount awarded by the jury is not adequate under the evidence or commensurate with the extent of the injuries received, to grant a motion for a new trial on the ground that the evidence does not justify the verdict. (*Taylor* v. *Northern Electric Ry. Co.,* 26 Cal. App. 765, 767 [148 Pac. 543].)

It is also the law of this state that, if in passing upon a motion for a new trial, the language used by the trial court in its order is susceptible of being interpreted as

tantamount to granting a new trial on account of the insufficiency of the evidence, it is unnecessary to use the exact language set forth in subdivision 7, section 657 of the Code of Civil Procedure, and that language used in the order bearing the same import and conveying the same idea as the specific language set forth in the code section is sufficient. (*Lucerne Country Club* v. *Beal,* 21 Cal. App. (2d) 121, 126 [68 Pac. (2d) 408].)

Applying the foregoing rule to the order in the instant case, from an examination of the order, it is clear that the reason the trial court granted the motion for a new trial was because he believed the verdict was not adequate to compensate the plaintiff Lois Jean Secreto for the injuries she had received in view of the evidence. This is apparent from the fact that the trial judge included in his order an alternate provision or condition which increased the amount of damage and if consented to by defendant Carlander would result in a denial of the motion for a new trial. Had the order been based on any of the other grounds stated in the notice of intention to move for a new trial, it would of necessity have required the granting of the motion, even though defendant Carlander consented to an increase in the amount of the jury's award.

For the foregoing reasons the order is affirmed.

Wood, Acting P. J., concurred.

Moore, P. J., being disqualified did not participate in this decision.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1939.