[No. 3,508.]

## CAULFIELD v. DOE ET AL.

REVIEW OF ORDER MADE AFTER JUDGMENT.—An order made after judgment, unless founded upon affidavits, can be reviewed only by statement on appeal, and in no case by bill of exceptions.

CHANGE MADE BY THE CODE OF CIVIL PROCEDURE.—The Code of Civil Procedure, enacted in 1872, changes the foregoing rule only as to proceedings subsequent to the taking effect of the Code.

EFFECT OF CODE AS TO PROCEEDINGS IN PENDING ACTIONS.—When, in pending actions, proceedings have been taken prior to the taking effect of the Code, the sufficiency of such proceedings must be determined by the laws in force at the time, and by no other rule.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The plaintiff brought suit in forcible entry, on the 13th of March, 1872, and had judgment by default, on the 24th day of April, 1872. Subsequently two of the defendants moved that the judgment be set aside; that they be allowed to appear and answer, and that they be restored to possession of the premises. On the hearing of the motion affidavits were filed, and the testimony of several witnesses was taken. The Court made an order granting the motion, and from this order the plaintiff appealed upon a bill of exceptions, which was settled on the 29th day of July, 1872.

*J. H. McKune,* for Appellant, argued that the only difference between a bill of exceptions and statement on appeal is in the manner of preparing the record—no difference affecting the substantial rights of the parties—and as the Code of Civil Procedure changes the rule in regard to appeals from orders made after final judgment, the objection to the bill of exceptions should not be considered. In a mere matter of procedure the Court should be governed by the law as it now is.

*Catlin & McFarland* and *Freeman & Clunie*, for Respondents.

This is an appeal from an order after judgment, and is brought here upon a bill of exceptions. Such an order cannot be reviewed on a bill of exceptions. (*Quivey* v. *Gambert*, 32 Cal. 307; *Todd* v. *Winants*, 36 Cal. 129; *Wetherbee* v. *Carroll*, 33 Cal. 549; *Pogers* v. *Parris*, 35 Cal. 127; *Haggin* v. *Clark*, 28 Cal. 162.)

By the COURT:

The bill of exceptions taken upon the entry of the order appealed from cannot be considered. We have often said that an order made after rendition of judgment, unless founded upon affidavits, can be reviewed only by statement on appeal, and in no case by bill of exceptions. This general rule, as we understand, is not questioned by the appellant. But it is insisted that the Code of Civil Procedure, lately enacted, operates a change of the rule of practice in this respect, and so it does. (Sec. 646, et seq.) The bill of exceptions in this case was, however, settled and filed, and the appeal taken, before the Code went into force; and by section three of the preliminary provisions found in the Code it is declared that "no part of it is retroactive, unless expressly so declared." We have not been pointed to any provision of the Code by which section six hundred and forty-six, permitting a bill of exceptions to be availed of upon appeal from an order, is to operate retrospectively. Section eight enacts in substance that no action or proceeding commenced before the Code took effect shall be affected by its provisions, but that "the proceedings therein" (by which we understand proceedings in pending actions, occurring subsequently to the taking effect of the Code) "must conform to the requirements of this Code, so far as the same

are applicable." But when, in pending actions, proceedings have been taken prior to the taking effect of the Code of Civil Procedure, the sufficiency of such proceedings must be determined by the law in force at the time, and by no other rule.

Order affirmed.