[S. F. No. 7985. In Bank.—August 7, 1916.]

## CHARLES HIRSCH, Respondent, v. ALL PERSONS, etc., Appellants.

APPEAL—ORDERS ON MOTION FOR NEW TRIAL—AMENDMENT ABOLISHING RIGHT OF APPEAL.—It is the condition of the law at the time of the making of an order denying or granting a motion for new trial that determines the right of appeal therefrom, and no appeal lies from such an order made after the amendment of the Code of Civil Procedure abolishing the right of appeal, except from an order granting a new trial in an action or proceeding tried by a jury where such trial by jury is a matter of right. It is immaterial whether the new trial proceeding was initiated prior to or subsequent to the amendment.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, and Percy V. Long, for Appellants.

Henry Ach, for Respondent.

HENSHAW, J.—This is a motion to dismiss an appeal taken from the order of the court granting a new trial, which order was made and given after the amendment of the Code of Civil Procedure abolishing the right of appeal from an order granting a new trial saving ''in an action or proceeding tried by a jury, where such trial by jury is a matter of right,'' etc. (Code Civ. Proc., sec. 963), and further providing that upon appeal from a judgment the court may review ''any order on motion for a new trial.'' (Code Civ. Proc., sec. 956.) Respondent on this motion relies upon the case of *San Francisco etc. Railways* v. *Superior Court of Alameda County*, 172 Cal. 541, [157 Pac. 604]. But in that case it is declared, touching the right of an appeal from such an order, in the following language: ''It has been held that as to the right of appeal from such an order (granting or refusing to grant a new trial) it is the condition of the law at the time of the denial of the motion for a new trial that controls, regardless of whether the proceeding for a new trial was initiated prior to or subsequent to the change in the law.'' To the support of this language is cited *Woodruff* v. *Colyear*, 172 Cal. 440, [156 Pac. 475], where it is declared that the statute denying a right of appeal from an order denying a new trial is necessarily applicable in every case where such order was made subsequent to the date of the taking effect of the amendment. ''It is the condition of the law at the time of the making of the order that controls'' the right of appeal.

The motion to dismiss is therefore granted.

Sloss, J., Shaw, J., Lorigan, J., Melvin, J., and Lawlor, J., concurred.