[Civ. No. 2653. Second Appellate District, Division One.—May 13, 1919.]

## MARGUERITE HOCKERSTON, Appellant, v. FREDERICK HOCKERSTON, Respondent.

[1] NEW TRIAL—ORDER DENYING NOT APPEALABLE.—An appeal from an order denying a motion for a new trial entered subsequent to the amendment of section 963 of the Code of Civil Procedure in 1915 should be dismissed, but the order may be reviewed on appeal from the judgment taken within due time.

[2] DIVORCE—CORROBORATIVE TESTIMONY—REFUSAL TO HEAR—HARMLESS ERROR.—In view of the fact that a divorce may not be granted upon the uncorroborated admissions or testimony of the parties, it would generally be error for the court to refuse to allow the plaintiff opportunity to present corroborating testimony. However, where the plaintiff's testimony was not sufficient to establish her cause of action, and the testimony of the other witnesses, would only corroborate her testimony, the error of the court, if any, in refusing to hear such corroborative testimony was harmless.

[3] ID.—EXTREME CRUELTY—INSUFFICIENT PROOF.—In this action for divorce, the facts testified to by the plaintiff did not show any deliberate act or course of action on the part of the defendant whereby he sought to or did become guilty of extreme cruelty within the meaning of the statute authorizing divorces upon the ground of extreme cruelty, the defendant on one single stated occasion only having been guilty of the commission of acts of personal violence.

[4] ID.—DISCRETION OF TRIAL COURT.—Some latitude for the exercise of discretion is permitted to the trial court in determining what constitutes extreme cruelty, and in this action that discretion was not abused.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for a new trial. J. P. Wood, Judge. Appeal from order dismissed. Judgment affirmed.

The facts are stated in the opinion of the court.

Charles M. Ackerman for Appellant.

No appearance for Respondent.

CONREY, P. J.—This is an action for divorce wherein
the defendant did not appear, and the court after hearing
the evidence entered judgment. denying the application for
a divorce. The plaintiff has appealed from the judgment
and from an order denying her motion for a new trial.

[1] The order denying the motion for a new trial was
entered on the seventeenth day of August, 1915. The
amendment of section 963 of the Code of Civil Procedure,
taking away the right of appeal from an order refusing
such a motion, took effect on the eighth day of August,
1915. It follows that the appeal from that order should be
dismissed, but the order may be reviewed on appeal from
the judgment, taken within due time. (Code Civ. Proc.,
sec. 956; *Hirsch* v. *All Persons,* 173 Cal. 268, [159 Pac.
712].)

The complaint charged personal violence committed by
the defendant against the plaintiff on one single stated
occasion, and alleged that by reason thereof grievous mental
suffering, anguish, and distress and grievous physical suffer-
ing and pain resulted to the plaintiff. The facts shown by
the plaintiff's testimony were as follows: On the evening of
the stated day the plaintiff came home after the defendant
had arrived there. Defendant inquired why the plaintiff
was not at home in time. She informed him that she had
been sent for to get their deed to the property which they
had purchased. The defendant said that he would call that
man up and tell him he had no business calling her up at
that time of day. He took up a desk telephone and attempted
to call the party. The plaintiff attempted to interfere.
"He said he was going to call them up and cuss them out
and. I would not let him phone. . . . I just held my finger
on the clicker while he was talking to them. . . . And he
jerked it loose from me and struck me with it." At the
end of the encounter "there was the print of his hand upon
my shoulder and my hand was bleeding and my finger was
black where he jerked out the knuckle and I had several
bruises on my neck. . . . Q. Do you know how many times
he struck you on that occasion? A. No, I hardly do. . . .
He struck me with his fist. I do not know whether it was
more than once or not, but I know I fell the three times.
. . . I suppose he hit me or I would not have fallen. The
most I remember was getting up after the fall. . . . He was

drinking or he would not have done so. He had been drinking just enough to make him excited."

At the close of the plaintiff's testimony, and without waiting for other evidence, the court expressed the opinion that the plaintiff should go back and live with the defendant, and announced that "the decree is denied." Plaintiff's attorney inquired if the court would hear any corroboration. The court replied: "If you are only going to prove this same circumstance there is no occasion to waste time on it, because there is no extreme cruelty shown in that." Plaintiff's attorney had other witnesses present in court, but admitted that he offered to do nothing more than to corroborate the testimony of the plaintiff.

[2] In view of the fact that a divorce may not be granted upon the uncorroborated admissions or testimony of the parties (Civ. Code, sec. 130), it would generally be error for the court to refuse to allow the plaintiff opportunity to present corroborating evidence. In this case, however, the plaintiff's counsel in his offer to produce evidence additional to the plaintiff's testimony stated the facts which he offered to prove by the witnesses and his statement contains no facts in addition to those already stated by the plaintiff herself. If, therefore, the court erred at all, the error was harmless, if the facts to which the plaintiff had testified were not sufficient to establish the plaintiff's cause of action. Let it be assumed that other witnesses had testified to those same facts, and the result of the case would not be changed.

It should further be noted that, notwithstanding the judge's first announcement that "the decree is denied," the court did not treat the case as closed at that time. On the contrary, plaintiff's attorney was permitted to make his offer of further proof, and two or three additional questions were asked of the plaintiff and answered by her. The court then again announced its denial of a decree of divorce.

[3] Assuming full proof and ample corroboration of the facts testified to by the plaintiff, those facts do not show any deliberate act or course of action on the part of the defendant whereby he sought to or did become guilty of extreme cruelty within the meaning of the statute authorizing divorces upon the ground of extreme cruelty. So far as the evidence shows, the defendant may have been usually

affectionate and considerate in every way toward the plaintiff, except in the instance of this sudden quarrel, wherein it seems clear that the acts of both parties to the altercation were done under the excitement of a sudden and unpremeditated disagreement. Admitting that the defendant's acts were wrong and unjustifiable, the circumstances were not such that, standing separate and alone, as they do, they constituted a cause of action for divorce. [4] Some latitude for the exercise of discretion is permitted to the court in determining what constitutes extreme cruelty, and in this instance that discretion was not abused by the court.

The appeal from the order is dismissed. The judgment is affirmed.

Shaw, J., and James, J., concurred.