[Civ. No. 2850.  Second Appellate District, Division One.—June 23, 1919.]

## J. E. SHATTUCK, Appellant, v. LILLIAN PRAY PALMER et al., Respondents.

[1] SUMMONS—SERVICE BY PUBLICATION—EXISTENCE OF GOOD CAUSE OF ACTION—REFERENCE TO VERIFIED COMPLAINT—SUBSTITUTION OF PRINTED COMPLAINT—PRESUMPTION.—Where a printed form of complaint is found in the judgment-roll in a given action, this printed form containing also an attached printed verification, with the signatures of affiant and notary public all printed, as is the body of the complaint, and the order for publication of summons contained in such judgment-roll, by reference to a "verified complaint on file" therein, recites that it appears to the court that a good cause of action exists in favor of the plaintiff and against the defendants, and the judgment therein recites that the defendants had been "duly and regularly summoned to appear and answer plaintiff's complaint," it must be presumed, in the absence of evidence to the contrary, that the trial court for good cause permitted a copy of the complaint filed therein to be substituted in lieu and place of the original.

APPEAL from a judgment of the Superior Court of San Diego County.  W. A. Sloane, Judge.  Reversed.

The facts are stated in the opinion of the court.

Luce & Luce for Appellant.

Wright, Winnek & McKee for Respondents.

JAMES, J.—Plaintiff brought this action in ejectment, the complaint being in the ordinary form appropriate to such a suit.  Defendants in their answer first denied that plaintiff was the owner of and entitled to the possession of

the real estate in controversy, and alleged that they (defendants) were the owners and in possession and were entitled to have the property. As a separate defense, they alleged that prior thereto plaintiff had obtained a judgment quieting title against their grantor, which judgment was based upon service of summons by publication and mailing; they particularly alleged that the order for the publication of summons was obtained by fraud, in that by the verified complaint filed by the plaintiff and his proof by affidavit made in support of the order, a false statement was made as to the ownership and title to the property being in the plaintiff in that suit, who is also the plaintiff here. On the ground that the judgment quieting title against their predecessor in interest was obtained by fraud, they asked judgment, and upon a recitation of the same alleged facts embraced within a cross-complaint, asked for an affirmative decree in their favor. The plaintiff demurred to the several parts of the answer and cross-complaint on general and on special grounds, and, his demurrer being overruled, made answer to the cross-complaint wherein he admitted the commencement of the quiet-title suit and the filing of the verified complaint and affidavit, and denied that any fraud was committed or that any false statements were made therein. This cause came on for trial and resulted in a verdict of the jury being returned in favor of the defendants, which verdict was rendered under express instructions of the trial judge. The appeal is from the judgment.

There is a purported appeal from the order denying a motion for a new trial, but as no appeal was permissible at the time of the making of the order on that motion, it should be and hereby is dismissed. (*Hirsch* v. *All Persons,* 173 Cal. 268, [159 Pac. 712].) All of the questions which might properly be included formerly under the appeal from an order denying a motion for a new trial are reviewable on this appeal from the judgment.

A further statement of admitted facts may briefly be made in order to illustrate the contentions argued on this appeal. The action to quiet title to the real property in controversy was brought by this plaintiff against the grantor of defendants by the filing of a complaint on June 30, 1906. In March, 1907, after affidavit filed, an order was made for the publication of summons and the publication

was completed on the twenty-third day of May, 1907, the mailing having been made of summons and complaint to defendant in that action on the twenty-eighth day of March of the same year. On the fifteenth day of September, 1907, defendants acquired such title to the property as the defendant in the quiet-title suit had to confer, and in June, 1909, a decree was entered against defendants' grantor in the quiet-title suit in favor of this plaintiff. This action was commenced on June 19, 1912, more than three years after the entry of the judgment last referred to. It appears from the bill of exceptions that during the trial of this case the plaintiff offered in evidence the judgment-roll in the quiet-title suit against defendants' grantor, to which defendants objected, basing their objection on the ground that the judgment rendered in the quiet-title action was void because it had not been made to appear by the oath of any person that the plaintiff had a good cause of action— that such a showing having been omitted, the court had no legal right to make an order for the publication of summons, and that subsequent proceedings based thereon were null. The court sustained the objection. The entire judgment-roll which was offered in evidence is set forth in the bill of exceptions, but we are not able to determine what other evidence may have been before the court at that time, for nothing appears other than the matters composing the judgment-roll which the court refused to allow to be considered by the jury. As the defendants acquired whatever title they had to the property before judgment was entered in the quiet-title suit, it may have been important to a consideration of the question of the relevancy of the offered evidence that it also be shown or offered to be shown that, upon the filing of the suit to quiet title and before defendants obtained their deed, a *lis pendens* had been filed with the county recorder. However, the questions are argued apparently upon the agreed state of mind of counsel on both sides that the record evidence was relevant and material, unless, as pointed out by counsel for defendants, the judgment was void because of an insufficient statement of the facts in the affidavit used to procure the order for publication of summons. The case is to be considered, then, without encumbering the question with anything more than is included in the argument of counsel. In the opening

brief filed by appellant it was urged that upon the face of
the cross-complaint the right to relief for the alleged
fraudulent procurement of the order for publication of
summons was barred by the laches of the defendants, in
support of which contention appellant cited, among others,
the case of *Lady Washington Co.* v. *Wood,* 113 Cal. 486,
[45 Pac. 809], which appears to be in point. Appellant
also contended that the legal proposition was not to be gain-
said that a grantee, such as defendants here are, has no
right to attack a judgment rendered against his grantor on
the ground of fraud. A number of decisions were also
cited in support of this proposition. Respondents in their
reply brief make no argument against either of these con-
tentions of appellant, and seem to concede that both propo-
sitions are well founded in law. They assert, however, that
the first judgment is not sustainable because they contend
that its void character appears by an inspection of the
judgment-roll, and that they were entitled to make the ob
jection and have it sustained whenever the record of the
judgment was presented. Upon the concessions made by
respondents, therefore, there is but the one question last
mentioned to be considered as being the subject of serious
debate. Examining the offered judgment-roll in the quiet-
title suit, we find, first, a complaint setting forth, in sub-
stance, sufficient facts to constitute a good cause of action
to quiet title, an affidavit for publication of summons made
by an agent of the plaintiff there, an order for publication
of summons, due proof of publication and mailing and the
entry of default, together with a judgment in proper form.
In the affidavit made upon the application for an order for
publication of summons it was not asserted, except by refer-
ence to the complaint on file, that a good cause of action ex-
isted in favor of the there plaintiff against defendants'
grantor. [1] Respondents concede that the complaint in its
statement of facts was sufficient, but contend that it was not
verified. Color for this contention is given by the fact, as
shown in the bill of exceptions, that when the judgment-
roll was examined the complaint in printed form was found
therein, this printed form containing also an attached
printed verification, with the signatures of affiant and the
notary public all printed, as was the body of the complaint.
The trial judge held that such a complaint did not show

at the time the order for publication of summons was made that the court had before it any verified pleading; and that it should not be concluded that the printed complaint was a copy which had been for good cause substituted in lieu of the original. The order for publication of summons contained the following recitation: "It further appearing from the verified complaint on file herein that a good cause of action exists in favor of the plaintiff and against each and all of said defendants. . . ." The judgment entered recited that the defendants had been "duly and regularly summoned to appear and answer plaintiff's complaint," and had made their default which had been regularly entered, and that documentary evidence was considered. Section 1045 of the Code of Civil Procedure, provides as follows: "If an original pleading or paper be lost, the court may authorize a copy thereof to be filed and used instead of the original." It seems to us very plain that the printed document appearing in the judgment-roll is a complaint purporting on its face to be a copy of some original. It had attached the names of counsel, an affidavit of verification in due form, and the name and style of the notary public who apparently attested the same. This being true, we think the presumption should prevail by reason of the recitations of regularity in the order for publication of summons and in the judgment, that the trial court in the quiet-title suit had for good cause permitted a copy of the complaint filed therein to be substituted in lieu and place of the original, and that the burden of proof was upon the respondents to show the contrary. This conclusion, we think, is fully sustained by the case of *Sichler* v. *Look*, 93 Cal. 600, [29 Pac. 220]. Without reciting in detail the facts of that case, it may be said that the question considered was parallel to that presented here and the conclusion reached by the court in that case fully supports plaintiff's position. And it may further be observed that in that case the attack upon the default judgment was directly made by appeal therefrom, while here, considering as before mentioned that respondents stated no cause of action in their cross-complaint or alleged special defense for fraud, the attack is collateral.

Our conclusion is that the trial judge was in error on the main question last considered, and from what has been first stated, he was also in error in holding, when considering the

41 Cal. App.—45

demurrer of plaintiff to the further defense of fraud set up, in the amended answer and cross-complaint, that such defense was available to defendants as grantees of the defendant in the quiet-title action.

The judgment is reversed with direction to the trial court to sustain the demurrer of plaintiff to the fourth and separate defense alleged in the amended answer of defendants and to the cross-complaint of said defendants.

Conrey, P. J., and Shaw, J., concurred.