[Civ. No. 2655.   Second Appellate District, Division One.—July 2, 1919.]

## I. W. McMANAMAN, Respondent, v. B. L. VICKREY, as Administrator, etc., Appellant.

[1] OPTION—ELECTION TO EXERCISE—REASONABLE TIME.—An agreement which provides that if a certain person will buy a given amount of stock in a certain mining corporation, the other party thereto will, after one year from the date of such agreement, purchase the stock from him at par, plus interest on all payments made to the corporation, must be acted upon by the purchaser of such stock within a reasonable time after the expiration of the year; and the election to exercise such option ten months after the expiration of the year is not within a reasonable time.

[2] ID.—FAILURE TO EXERCISE IN REASONABLE TIME — EFFECT OF.—Where the purchaser fails to exercise such option agreement within a reasonable time, he is not entitled to recover thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge. Judgment reversed; appeal from order dismissed.

The facts are stated in the opinion of the court.

Valentine & Newby for Appellant.

Henry P. Goodwin and Irving M. Walker for Respondent.

CONREY, P. J.—The defendant appeals from the judgment and from an order denying his motion for a new trial. At the time when the last-named order was made there was no right of appeal from such an order. (*Hockerston* v. *Hockerston,* 41 Cal. App. 195, [182 Pac. 325]; *Hirsch* v. *All Persons,* 173 Cal. 268, [159 Pac. 712].)

Prior to the first day of April, 1911, one Bonnard, as agent for the Colorado & Wyoming Coal Company, a corporation, solicited the plaintiff to buy certain stock of that corporation. Appellant's testator, C. K. Ingersoll, the original defendant in this action, had purchased stock of the corporation and recommended the stock to the plaintiff. As an inducement to aid in persuading plaintiff to buy such stock, Ingersoll gave Bonnard, for delivery to the plaintiff,

an agreement in writing which was delivered to the plaintiff. This agreement, so far as necessary to the discussion here, reads as follows: "This is to certify that in the event that I. W. McManaman purchases $5,000 worth of preferred stock in the Colorado & Wyoming Coal Co., I will, after one year from date hereof, purchase the same from him at par value, plus 7% interest on all payments made to the Colorado & Wyoming Coal Company or its agent"; signed by C. K. Ingersoll, and dated Monrovia, California, April 1, 1911. Without considering the debate of counsel concerning the extent to which the plaintiff relied upon this contract, as compared with his reliance upon the representations made by the agent of the corporation and upon other sources of information, we will assume that, as found by the court, the plaintiff in agreeing to purchase and in purchasing the stock did so in reliance upon the said agreement of Ingersoll. The plaintiff did purchase stock to the extent of five thousand dollars, paying part in cash and giving his notes for the remainder. Afterward the plaintiff was sued on said notes by an assignee thereof and judgment was rendered against him; whereupon he did, on the twenty-fourth day of May, 1912, pay the amount of that judgment, and thereby paid in full for the stock purchased by him. A stock certificate therefor was delivered to him on or about the twenty-seventh day of September, 1912. The plaintiff claims that within due time he elected to sell the stock to defendant under the option given in that agreement, and demanded that defendant perform the contract according to its terms. Appellant claims that the attempted exercise of said right of option came too late.

The court found that prior to April 1, 1912, plaintiff notified defendant that plaintiff required defendant to purchase from him said stock in accordance with said agreement; also that prior to September 24, 1912, plaintiff notified defendant that plaintiff required defendant to purchase said stock in accordance with said agreement. These two findings are not sustained by the evidence. On the former finding the only evidence is that, as testified by plaintiff, he said to Mr. Ingersoll, referring to such stock, "I guess I will let you have that"; to which it does not appear that Ingersoll made any reply. On the nineteenth day of March, 1913, McManaman sent to Ingersoll a letter in which the writer said: "I noti-

fied you verbally many months ago and now I notify you in writing that the Colorado-Wyoming Coal Co. stock purchased at your request and which you guaranteed to take, is still awaiting your fulfillment of the agreement. I have deposited these shares of stock in care of the First National Bank, Monrovia, and hope you will attend to this without further delay." Prior to that letter, in a personal interview between the parties, the plaintiff said to defendant: "Mr. Ingersoll, you can have that stock," to which Ingersoll replied that he did not want the stock, and that McManaman could not get anything out of him. The plaintiff in his testimony fixes the date of that conversation at a time one month, a little more or less, before the writing of said letter. From this testimony, the effect of which is not changed by any other evidence in the case, it follows that the plaintiff did not declare his election to sell the stock to Ingersoll until at least as late as the 1st of February, 1913. Nevertheless, the court further found that within a reasonable time after April 1, 1912, plaintiff demanded that Ingersoll purchase said stock and pay therefor in accordance with the terms of said agreement, and offered to deliver the five thousand dollars' worth of preferred stock, together with the common stock included as a bonus, and offered to do everything to be done by plaintiff in accordance with the terms of said agreement.

[1] Appellant contends that plaintiff's election was not made within a reasonable time after one year from the date of the option, and that for that reason his option to sell the stock to Ingersoll cannot be enforced. This would seem to be the principal question in the case, and it is the only question that we shall discuss, although other points are urged in support of the appeal. In *Standard Box Co.* v. *Mutual Biscuit Co.*, 10 Cal. App. 746, [103 Pac. 938], it was held that the determination of what is a reasonable time is a question of law for the court, and that a notice of acceptance of an option to purchase personal property given ten months after the offer was not given within a reasonable time. In *Roberts* v. *Evans*, 43 Cal. 380, the court said: "An offer to sell, when no time is given, must be accepted at once, or within a reasonable time thereafter. A year, or even six months, must be held, as a matter of law, to be an unreasonable time." If this is the rule under an option to

sell or purchase ordinary merchandise, it applies with increasing force to an option to sell mining stock, which notoriously is property of uncertain and rapidly fluctuating value.

There is evidence that prior to the letter of March 19, 1913, the plaintiff wrote two other letters to Ingersoll relating to this matter, but the record does not contain the contents of those letters, and the testimony of plaintiff's daughter, who wrote the letters for the plaintiff, is that both of them were written after the time of the conversation in which Ingersoll told the plaintiff that plaintiff could get nothing out of him, etc. Respondent insists as an excuse for his delay that Ingersoll urged him to defend the action against McManaman on the notes, and that, therefore, he was justified in waiting until after the determination of that litigation. But the plaintiff further testified that he had already made arrangements for his defense of that action, and therefore did not "go in" with Ingersoll, who offered to join him in fighting that action. There is nothing in the record tending to support a claim that Ingersoll did anything to interfere with the plaintiff's exercise of his option to sell the stock to Ingersoll or to delay the same. [2] The plaintiff having failed to exercise the option within a reasonable time, he is not entitled to recover on the option agreement.

The appeal from the order is dismissed and the judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1919.

All the Justices concurred.