[Civ. No. 3675.   First Appellate District, Division One.—February 11, 1921.]

## CLARA POLAKOFF, Respondent, v. MAX POLAKOFF, Appellant.

[1] DIVORCE—EXTREME CRUELTY—SUFFICIENCY OF FINDINGS.—A decree of divorce in favor of the wife on the ground of extreme cruelty is sufficiently supported by a finding that the defendant had in a former action brought by him falsely accused the plaintiff of wrongful conduct and also had attempted to kidnap their child.

[2] ID.—DISCRETION—APPEAL.—Some latitude for the exercise of discretion is permitted to the trial court in determining what constitutes extreme cruelty, and in the absence of abuse of discretion a finding will stand.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams and Seymour S. Silverton for Appellant.

E. F. Gerecht and W. S. Baird for Respondent.

———

1.  Cruelty as ground for divorce, notes, 29 Am. Dec. 674; 73 Am. Dec. 619; 40 Am. Rep. 463; 51 Am. Rep. 736; 65 Am. St. Rep. 69.

KERRIGAN, J.—Plaintiff obtained a decree of divorce from defendant on the ground of extreme cruelty, and was awarded the custody of their minor daughter, together with an allowance of five dollars a week for her maintenance and support.   •

Defendant appeals from the judgment and assigns as grounds therefor that the evidence is insufficient to sustain the findings and judgment.

The appeal is without merit.

The evidence reveals a somewhat sordid tale, and no useful purpose would be subserved by a general review thereof. The trial court found, among other facts, that on a certain day defendant entered the home of plaintiff in a rude and violent manner, and without any cause or reason therefor called plaintiff abusive names and struck her violently several times in the face and other parts of her body, and dragged her out of the house, down the steps, thereby inflicting upon her great pain and mental anguish and suffering. Appellant attacks this finding as being insufficient to support the judgment for two reasons: It is first contended that as the term "extreme cruelty" is a relative one, the absence of any finding that plaintiff was a refined and sensitive woman makes the finding insufficient to establish mental cruelty, and, second, that it is insufficient to establish physical cruelty for the reason that evidence of a single act of cruelty does not constitute this offense (citing *Hockerston* v. *Hockerston,* 41 Cal. App. 195, [182 Pac. 325]).

[1] There is no merit in either contention, but a discussion thereof becomes unnecessary, for the court further found that the defendant had in a former action brought by him for divorce against the plaintiff herein falsely accused her of wrongful conduct, and also had attempted to kidnap their child, and while these particular findings do not directly recite that such facts caused plaintiff mental suffering, the only inference to be drawn therefrom is that they did. (*MacDonald* v. *MacDonald,* 155 Cal. 665, 672, [25 L. R. A. (N. S.) 45, 102 Pac. 927].) The findings are fully supported by the evidence.

[2] Some latitude for the exercise of discretion is permitted to the trial court in determining what constitutes ex-

treme cruelty, and in the absence of abuse of discretion a finding will stand. (*Hockerston* v. *Hockerston, supra.*)

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.