[Civ. No. 7156. First Appellate District, Division One.—December 5, 1929.]

DANTE R. BLADE, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

James H. Boyer for Petitioner.

Clarence E. Todd for Respondent.

KNIGHT, J.—Petitioner obtained a money judgment in the Justice's Court of the city and county of San Francisco, and the defendant in the action took an appeal there-

from to the Superior Court upon questions of law and fact. Subsequently petitioner moved for a dismissal of the appeal upon the ground that it was not supported by a proper record. The motion was denied, and thereupon he instituted this proceeding in *certiorari* for the purpose of having the order made in that behalf annulled.

The judgment was rendered on July 29, 1929; the notice of appeal was served and filed on August 13th; the undertaking on appeal was filed on August 16th, and petitioner concedes that the proceedings thus taken conformed to the requirements of the law relating to Justice's Court appeals in force at the time of the rendition of the judgment and the filing of the notice of appeal. It appears, however, that between the dates on which the notice of appeal and the undertaking were filed, to wit, on August 14, 1929, a new code section became effective, which, in substance, provided that all appeals from Justices' Courts in cities, cities and counties, towns and townships having a population of thirty thousand or more, must be taken, heard and determined in the manner provided for taking, hearing and determining appeals from Municipal Courts (Code Civ. Proc., sec. 982a), and admittedly such appeals are required to be taken on a record containing a bill of exceptions or a certified transcript (Code Civ. Proc., secs. 988a and 988b). Petitioner contends, therefore, that since the undertaking herein was not filed until after the new code section became operative, the legal sufficiency of the appeal must be determined by the law in force at that time.

The appeal was "taken," however, when the notice of appeal was served and filed (Code Civ. Proc., sec. 974; *Farrisee* v *Superior Court,* 40 Cal. App. 469 [181 Pac. 73]), and although the appeal was not sufficient for any purpose until the undertaking was filed (Code Civ. Proc., sec. 978; *Moffat* v. *Greenwalt,* 90 Cal. 368 [27 Pac. 296]), the filing thereof constituted no "part of the process of taking the appeal. That process was complete when the notice of appeal was served and filed." (*Rigby* v. *Superior Court,* 162 Cal. 334 [122 Pac. 958, 960].) And in this connection it is held in the early case of *Caulfield* v. *Doe,* 45 Cal. 221, that " . . . when, in pending actions, proceedings [on appeal] have been taken prior to the taking effect of the Code of Civil Procedure, the sufficiency of such pro-

ceedings must be determined by the law in force at the time, and by no other rule." The legal principle thus declared is founded on section 3 of the Code of Civil Procedure, which provides that no part of the code is retroactive, unless expressly so declared; and this same rule applies as well to the amendments to the code (*Estate of Frees*, 187 Cal. 150 [201 Pac. 112]). ■ It follows, therefore, that since the appeal herein was taken prior to the date on which the new code section became operative, its legal sufficiency could be in no way affected by the provisions of the new code section, but should be determined by the law in force at the time the appeal was taken.

■ To make the new code section applicable to appeals taken before the section went into operation would be to give its provisions a retroactive effect, and in this regard it is a well-settled rule of statutory construction that a statute will not be construed retrospectively unless it is clear that such was the legislative intention (*Estate of Frees, supra*). As said in *Pignaz* v. *Burnett*, 119 Cal. 157 [51 Pac. 48, 49], "Laws which create new obligations, or impose new duties, or exact new penalties because of past transactions, have been universally reprobated by civil and common law writers, and it is to be presumed that no statute is intended to have such effect unless the contrary clearly appears. This is especially so where to give the statute retrospective effect would work manifest injustice." (See, also, *Estate of Parker*, 200 Cal. 132, 142 [251 Pac. 907].) The same principle is given in Cooley on Constitutional Limitations, seventh edition, page 529, as follows: " . . . it is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." And in Endlich on the Interpretation of Statutes, page 362, the rule is stated thus: " . . . Indeed, the rule to be derived from the comparison of a vast number of judicial utterances upon this subject, seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute taken by themselves and in connection

with the subject matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all question as to such intention.''

There was no language used in the enactment of section 982a indicating that the legislature ever intended that it should apply to appeals taken prior to the date on which it was to become operative; and it is evident from an analysis of the present situation that an injustice would be done if a retrospective effect were given its provisions, for the following reasons: At the time the appeal was taken the law afforded the appellant the option of appealing on questions of law or fact or both (Code Civ. Proc., sec. 974). He elected to and did appeal on questions of law and fact, and having done so was entitled as a matter of right to a trial *de novo* in the Superior Court (Code Civ. Proc., sec. 976); whereas under the provisions governing appeals from Municipal Courts an appeal may be taken only on questions of law (Code Civ. Proc., sec. 983), and, as stated, must be based upon a bill of exceptions settled pursuant to the provisions of sections 649, 650 and 651, or on a transcript certified as provided in section 953a of the Code of Civil Procedure (Code Civ. Proc., secs. 988a and 988b); and if a new trial be granted, which may be ordered only for error, the action is tried anew in the court of original jurisdiction and not in the Superior Court (Code Civ. Proc., sec. 988h). Moreover, from the record before us it would appear that in the present case the statutory time to prepare a bill of exceptions expired before the new code section became operative. It will be seen, therefore, that unless the provisions of the new code section be given a prospective operation the appealing defendant will not only be deprived of a trial *de novo* in the Superior Court to which he was entitled as a matter of right under the law as it stood at the time of the entry of judgment and the service and filing of notice of appeal, but will also be deprived of any appeal whatever because of the absence of a record which he had no opportunity to prepare.

A similar situation arose some years ago when the legislature shortened the time for taking appeals from judgments in the Superior Court from one year to six months. In dealing with the question involved the Supreme Court said: ''It is quite obvious that a great hardship is likely to result

if a retroactive effect is given to this statute. One may be presumed to know the laws of the land, but the very instant this amendment took effect, if it be retroactive, the right of appeal was cut off at once. No time whatever was given to appeal in those cases in which judgments had been entered six months or more previously. Unless it is absolutely necessary, we should not impute such an intention to the legislature. In view of the construction which has almost invariably been given to statutes of this character, I feel sure that the legislature intended that its operation should be limited to judgments thereafter entered.'' .Accordingly it was held that the new law should be given prospective operation and the sufficiency of appeal determined by the law in force at the time the judgment was entered (*Pignaz* v. *Burnett, supra*).

It is our conclusion, therefore, that, for the reasons stated section 982a of the Code of Civil Procedure is not retroactive in its effect, and that consequently the respondent court's action in denying the motion to dismiss the appeal was proper. It follows that the writ prayed for herein should be denied, and it is so ordered.

Tyler, P. J., and Cashin, J., concurred.