[Civ. No. 7281.  First Appellate District, Division One.—January 8, 1930.]

TENERIOS LIVERIEDES, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Henri Burkark for Petitioner.

No Appearance for Respondents.

THE COURT.—This is a proceeding in *mandamus* to compel the respondent court and the presiding judge of department one thereof to hear and determine a Justice's Court appeal.

The allegations of the petition are not denied, and are to the following effect: In April, 1929, the Justice's Court of Brooklyn township, in and for the county of Alameda, rendered a money judgment against petitioner in an action for damages arising out of an automobile collision, and thereafter petitioner took an appeal therefrom to the respondent court upon questions of both law and fact. The

notice of appeal and undertaking conformed to the requirements of and were served and filed within the time prescribed by the statute; and the fees of the Justice's Court were paid. Thereupon and in May, 1929, the Justice's Court transmitted to and filed with the county clerk of said county a copy of the docket and all of the files and documents necessary to confer jurisdiction upon the respondent court; and the fees of the county clerk for filing the same and placing the cause upon the calendar were paid. But, the petition alleges, the respondent judge refused, on several occasions, to set the cause for trial or to hear or determine the same, and now has under submission a motion made by the plaintiff in the action to dismiss the appeal, which motion, petitioner alleges, the court threatens to and will grant unless prevented as herein prayed.

There has been no appearance on behalf of the respondents in the present proceeding, and consequently the reason for the refusal to entertain jurisdiction of said appeal is not disclosed by the record. Counsel for petitioner has assumed, however, that such refusal is based upon the fact that the record on appeal does not conform to the requirements of the new code sections enacted at the last session of the legislature, relating to appeals from Municipal Courts (Code Civ. Proc., secs. 982a–988h, inclusive). If such be the ground of refusal, it is not tenable, because the appeal was fully perfected and filed in the Superior Court nearly two months prior to the date on which the new code sections became operative; and as held in the case of *Blade* v. *Superior Court*, 102 Cal. App. 375 [283 Pac. 81], which was decided on December 6, 1929, a few days prior to the filing of the petition herein, said code sections are not to be given a retrospective effect.

In any event, according to the uncontradicted facts set forth in the petition, petitioner is entitled to a trial anew in the Superior Court (Code Civ. Proc., sec. 976). It is, therefore, ordered that a peremptory writ of mandate issue as prayed, commanding that respondents hear and determine said cause in the manner provided in chapter III, title XIII, part II, Code of Civil Procedure, relating to appeals from Justices' Courts.