[L. A. No. 12783. In Bank.—June 22, 1931.]

HASTAIN & PURMAN, INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Frank L. Simons for Petitioner.

Everett W. Mattoon, County Counsel, J. H. O'Connor, Assistant County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

PRESTON, J.—The alternative writ of mandate is discharged and the petition is denied. The following considerations justify this action.

The question is whether or not petitioner's appeal from a judgment of the Justice's Court of Montebello Township, Los Angeles County, California, to the Superior Court of said county, authorizes a trial *de novo* therein under section 976 of the Code of Civil Procedure.

The action here under consideration was begun on May 16, 1929, tried upon its merits in said Justice's Court on August 16, 1929, decided on August 30, 1929, and from the judgment that day entered in favor of plaintiffs, notice of appeal on questions of law and fact, was filed on September 30, 1929. The Superior Court refused to entertain the appeal because not made upon a bill of exceptions or other transcript prepared under chapter 4, title XIII, of the Code of Civil Procedure (secs. 983–988h). The petition is to compel the Superior Court to entertain the appeal and to proceed to a *de novo* trial of the action.

On August 15, 1929, a new section of the Code of Civil Procedure, numbered 982a, went into effect, which provides in judicial townships having a population of thirty thousand or more appeals are not to be taken as provided in said section 976, but must follow the procedure outlined as to municipal courts found in said chapter 4, title XIII, of said code. Admittedly said township here involved, upon the effective date of said act, which was prior to trial and judgment in this case, had a population of more than thirty thousand.

It is true that a formal declaration of the population of said township was not made until after the rendition of the judgment in this case (*County of Los Angeles* v. *Justice's Court*, 208 Cal. 429 [281 Pac. 611]), but it has been repeatedly held by this court that the fact of population at the time in question and not a report or declaration of the fact, controls the situation. (*People* v. *Wong Wang*, 92 Cal. 277 [28 Pac. 270]; *Puterbaugh* v.

*Wadham,* 162 Cal. 611 [123 Pac. 804]; *County of Los Angeles* v. *Justice's Court, supra.*)

We therefore have a plain case of an attempt to appeal without following the law applicable to the situation. Applying said new statute to the present case is not to give a retroactive, but a prospective operation to it. (*Estate of Hughston,* 133 Cal. 321 [65 Pac. 742, 1039]; *Woodruff* v. *Colyear,* 172 Cal. 440 [156 Pac. 475]; *San Francisco* v. *Superior Court,* 172 Cal. 541 [157 Pac. 604]; *Hirsch* v. *All Persons,* 173 Cal. 268 [159 Pac. 712]; *Watt* v. *Bekins Van & Storage Co.,* 35 Cal. App. 776 [171 Pac. 832]; *Hammond* v. *Hazard,* 40 Cal. App. 45 [180 Pac. 46].)

The appeal being without a record for its support must fail and require the action above noted.

Shenk, J., Seawell, J., Langdon, J., and Richards, J., concurred.

Rehearing denied.