[Civ. No. 1326. Fourth Appellate District.—March 26, 1934.]

C. F. BEAL, Petitioner, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

Galen McKnight for Petitioner.

J. C. Hammel and G. E. Sandford for Respondents.

BARNARD, P. J.—On August 15, 1933, the petitioner herein obtained a judgment in the police court of the city of Fresno in an action in which he was plaintiff. The defendant in that action moved for a new trial, which motion was denied on September 14, 1933, and, on that day, the defendant appealed to the superior court on questions of both law and fact.

Under the charter of the city of Fresno the laws applicable to township justices' courts were made applicable to this police court, and that particular judicial township contained a population of more than thirty thousand. It is conceded that at the time this judgment was entered appeals could be taken from said police court on questions of law alone, and that, by reason of section 982a of the Code of Civil Procedure, such appeals were then governed by the provisions of that code relating to appeals from municipal courts. On or about August 20, 1933, an amendment to the Code of Civil Procedure repealing section 982a thereof, went into effect (Stats. 1933, chap. 744, p. 1904). It is conceded that this change had the effect, in subsequent appeals taken on questions of both law and fact and properly coming within its provisions, to subject a judgment of said police court to a trial *de novo* on questions of both law and fact, instead of leaving the same subject to determination on questions of law alone on a proper record, as theretofore provided.

As noted, the 1933 amendment thus providing for an appeal on both questions of law and fact became effective after the day on which the judgment referred to was entered but before the date on which the appeal was taken. A certified copy of the docket of the police court and all papers and instruments filed in the cause were transferred to the superior court, but no bill of exceptions or other record was prepared in accordance with the previous law. On December 2, 1933, this petitioner made a motion in the

superior court to either dismiss the appeal or affirm the judgment, which motion was based upon the ground that the judgment appealed from was entered before the amendment went into effect and that an appeal could then be taken on questions of law alone and on a record prepared and presented as for appeals from municipal courts. The court denied the motion and refused to either affirm or reverse the judgment on the record then before it on the ground that the appealing party was entitled, under the law, to a trial *de novo*. The petitioner then instituted this proceeding seeking a writ of mandate commanding the respondents to proceed with the determination of this appeal upon the record before it on questions of law alone, and without further trial on the issues of fact.

The sole question here presented is whether a party appealing after this amendment went into effect, from such a judgment entered prior to the effective date of the amendment, may proceed, and have his appeal considered, according to the law in effect at the time the appeal was taken or whether he is bound by the procedure prevailing at the time the judgment was entered.

At the time of the appeal in question, the law provided for an appeal at any time within thirty days after notice of the judgment on questions of both law and fact, and that when an appeal is so taken the action must be tried anew in the superior court. This appeal was taken in that manner within thirty days from the date of the judgment. The petitioner contends that to permit the changed procedure provided by the 1933 amending statute to be applied in appealing from this judgment entered before that statute took effect would be to give a retroactive effect thereto, and that such a retroactive effect cannot be given to the amending statute, under section 3 of the Code of Civil Procedure, there being no express declaration in the statute that it shall have that effect.

A number of cases are cited, especially those dealing with the amendment which took away the right of appeal from an order denying a motion for a new trial, in which it was held that a statute would not be given the retroactive effect of taking away a right of appeal which had theretofore accrued. The petitioner also relies on *Blade* v. *Superior Court,* 102 Cal. App. 375 [283 Pac. 81, 83]. That case had

reference to the enactment of section 982a when it was originally adopted, but related to an appeal taken before the effective date of the statute. Under such circumstances the court said: "To make the new code section applicable to appeals taken before the section went into operation would be to give its provisions a retroactive effect." In that case the court said:

"It follows, therefore, that since the appeal herein was taken prior to the date on which the new code section became operative, its legal sufficiency could be in no way affected by the provisions of the new code section, but should be determined by the law in force at the time the appeal was taken."

While it is thoroughly established that a statute taking away a right of appeal will not be given the retroactive effect of preventing an appeal the right to which has already accrued, none of the cases cited are of much assistance in determining the questions now before us. Instead of a party claiming that his right to an appeal has been interfered with, we have here a different and somewhat novel situation in which the party in whose favor the judgment was rendered claims that his rights became fixed on the entry of the judgment and seeks to limit the manner in which his adversary may appeal. As petitioner puts it, the entry of the judgment fixed his rights "subject only to a right in the opposing party to a review of the original proceedings on questions of law alone". In effect, the real question presented is not whether this statutory change acted retroactively, but whether it may not act prospectively because certain rights have already accrued to another party. In other words, the real question is whether the party in whose favor such a judgment is rendered acquires a vested right to have his opponent's appeal taken and considered in the particular manner in effect at the time the judgment is entered.

Petitioner places great reliance on the language used in *Hirsch* v. *All Persons*, 173 Cal. 268 [159 Pac. 712], and in similar cases, to the effect that " 'It is the condition of the law at the time of the making of the order that controls,' " the order referred to being the order appealed from. The "condition of the law" there referred to was that affecting the right of appeal then under consideration, and the language thus used was not intended to relate to any such

question as to whether the procedure on appeal was governed by the law in force at the time judgment was entered or by that prevailing when the appeal was taken. He also argues that the language used in *Blade* v. *Superior Court, supra,* to the effect that the legal sufficiency of an appeal should be determined "by the law in force at the time the appeal was taken" is suggestive in his favor because the appeal in that case was taken before the new law went into effect, and the court held that the law in force at the time of the appeal governed because it was also the law at the time judgment was entered. Neither in these cases nor in any others to which our attention has been called was the question before us considered. And the petitioner offers no reason why it should be held that his rights became vested on the entry of the judgment, or why the law regulating the procedure of an appeal should be that in force at the time of judgment rather than that obtaining when the appeal is taken. There should be no vested right in a wrong judgment before the same has become final. An appeal is allowed for the benefit of a party who thinks himself aggrieved. While the right of appeal may be limited by time and by other considerations, when taken, the appeal is a further proceeding every step of which arises after judgment. The losing party may decide to appeal at any time within the limit provided. How the appeal may then be taken and the manner of considering the same are entirely matters of procedure relating to acts occurring after the date of judgment. Any rules with respect thereto became applicable, not by reason of the judgment but by the taking of the appeal. It seems reasonable that this subsequent step, which may not have been even contemplated when the judgment was entered, should be governed by the rules of law in effect when it is taken rather than by those which prevailed at a former time when an act occurred which has been completed and which, in itself, calls for no further rules of procedure.

It is not questioned that the appellant had a right to appeal at the time the appeal in question was taken. The law in effect at the time he appealed provided that the appeal might be taken in the manner followed, and at that time there was no law in effect permitting an appeal to be taken in any other way. The intervening change in the law related merely to the manner of taking and considering

an appeal, and not to the right thereto. Had the appeal been taken in accordance with the former method, the following language used by the court in *Hastain & Purman, Inc.,* v. *Superior Court,* 212 Cal. 783 [300 Pac. 966, 967], would have been appropriate: "We therefore have a plain case of an attempt to appeal without following the law applicable to the situation. Applying said new statute to the present case is not to give a retroactive, but a prospective operation to it."

In *Woodruff* v. *Colyear,* 172 Cal. 440 [156 Pac. 475], it was held that the amendment abolishing the right of appeal from an order denying a new trial applied where such an order was made subsequent to the effective date of the amendment, "regardless of whether the proceeding for a new trial was initiated prior to or subsequent to such date". It was thus held that neither the entry of judgment nor the initiation of steps to obtain a new trial gave a vested right to an appeal in a certain manner. If such a change in the manner of taking an appeal as was made by the amendment referred to in that case can be made after the entry of judgment, it would seem to follow that the time of entering judgment does not in itself determine the manner of taking an appeal. While the appeal in the case before us was taken from the judgment entered and not from a subsequent order, to give effect to the changed procedure which had come before the appeal was taken would be somewhat similar in principle to the holding in the case referred to.

In *Estate of Patterson,* 155 Cal. 626 [102 Pac. 941, 945, 132 Am. St. Rep. 116, 18 Ann. Cas. 625, 26 L. R. A. (N. S.) 654], the court said: "It is a mistake to characterize the amendment of section 1339 as a retrospective law. It relates wholly to what shall be done upon the trial of the application for probate, the proof that must be furnished and the facts which must be established. It applies only to trials which take place after its enactment."

The change in procedure here in question relates entirely to something that occurred and to a hearing that was to occur after the effective date of the amendment. We entertain the opinion that this was merely a change in procedure affecting matters subsequent to its adoption, that its application in this instance was prospective rather than retroac-

tive, and that the petitioner had no vested right to have the appeal taken in the manner formerly provided.

The petitioner argues that the repealing statute here in question might, in some cases, have the effect of depriving a losing party of a right of appeal; that the former law permitted an appeal within fifteen days after a motion for a new trial was denied; that the new law provides that an appeal must be taken within thirty days from date of judgment; and that, in the event of a delayed ruling on a motion for a new trial, thirty days from the date of judgment might have elapsed. It is argued that such a possibility demonstrates that this change in the manner of taking an appeal could not be applied in any case where the judgment was entered prior to the change, since it was held in *Melde* v. *Reynolds,* 120 Cal. 234 [52 Pac. 491], that the time within which an appeal may be taken is governed by the statute in force at the entry of the judgment. The rule referred to in that case relates to the right of appeal which is fixed at the time judgment is entered, and not to a procedural matter in connection with the appeal when later taken. If it be conceded that the rule referred to might be invoked in a proper case to save a right of appeal that would otherwise be lost, it does not follow that the statute now under consideration is not to be applied in a case where no right of appeal is affected and where its only operation is prospective and procedural in nature. The facts of this case do not bring it within the rule relied on, and disclose nothing to indicate that this change in procedure should not be applied to an action taken after it became effective and within the time and in the manner then provided.

We conclude, therefore, that the appeal under consideration was governed by the law in effect at the time it was taken and not by the law in force at the time the judgment was entered.

For the reasons given, the alternative writ of mandate is discharged and the petition is denied.

Marks, J., and Jennings, J., concurred.