[L. A. No. 15598. In Bank.—October 19, 1937.]

JOHN C. GIBSON et al., Respondents, v. JOHN C. MITCHELL et al., Appellants.

Forgy, Reinhaus & Forgy and Fred Forgy for Appellants.

L. W. Bloget for Respondents.

CURTIS, J.—This is a controversy between school districts in Orange County. Plaintiffs as members of the Board of School Trustees of Laguna School District of Orange County

sought and secured a permanent injunction enjoining the defendants, officials and supervisors of Orange County, from levying and collecting taxes upon all the taxable property in the Laguna School District of Orange County for the purpose of providing revenue to pay a portion of the interest and principal of the bonded indebtedness of Tustin Union High School District of Orange County. The total amount of the bonded indebtedness of said Union High School District was $130,000. On February 2, 1931, the Board of Trustees of the Tustin Union High School District and the Board of Trustees of the Laguna School District entered into a written agreement. At that time the Laguna School District, which was an elementary school district, was a part of the Tustin Union High School District, and the agreement was entered into preparatory to the exclusion or withdrawal of the Laguna School District from the Tustin Union High School District. The agreement, the interpretation of which gave rise to the present controversy, reads as follows:

"This Agreement made and entered into this 2nd day of February, 1931, by and between the Board of Trustees of Tustin Union High School of Orange County and Laguna School District of Orange County, California:

"WITNESSETH: Whereas, petitions have been presented to the County Superintendent of Schools of Orange County, California, signed by a majority of the qualified electors residing in the Tustin Union High School District and two-thirds of the qualified electors residing in the Laguna School District of Orange County, requesting that an order be made for the exclusion of said Laguna School District from said Tustin Union High School District;

"NOW, THEREFORE, in consideration of the premises, the undersigned Boards of Trustees of said Tustin Union High School District and said Laguna School District do hereby consent to the exclusion of said Laguna School District from said Tustin Union High School District upon the following terms and conditions:

"First: That in the event an order shall be made in accordance with the terms of this agreement excluding the said Laguna School District from the said Tustin Union High School District, the said Tustin Union High School District shall assume all bonded and other indebtedness now existing against said Union High School, only upon the happening of either of the following events: (a) That said Laguna

School District shall by voting high school bonds or by taxes or some other means, establish a four-year high school in said Laguna School District; or (b) . . .

"Second: It is further understood and agreed that for a period of not to exceed two years from the date said Laguna School District shall be legally excluded from said Tustin Union High School District, the said Laguna School District shall pay to the said Tustin Union High School fund only its pro-rata share for the Laguna School District students remaining in attendance at said Tustin Union High School, after said exclusion shall become effective, and until such time as provisions shall be made for said students in said Laguna School District either by the formation of a high school district or the admission of said Laguna School District to some other high school or union high school district, not to exceed the period of two years herein provided for.

"Third: We do hereby, for our respective districts, consent and agree that if said petitions shall be found to be sufficient by the County Superintendent of Schools the Board of Supervisors of the County of Orange may make an order excluding said Laguna School District from said Tustin Union High School District in the manner provided in Section 2.640, et seq. of Article VIII, of Chapter IX of the School Code of the State of California, and in accordance with the terms of this agreement."

The sections of the School Code which furnish statutory authority for the exclusion and withdrawal of an elementary school district from a union high school district read as follows:

"Section 2.640. Whenever a majority of the heads of families, or a majority of the electors residing in any union or joint union high school district, and two-thirds of the heads of families or of the electors residing in any school district which is a part thereof, as shown by the affidavit of one or more of the petitioners, shall present to the superintendent of schools who has jurisdiction over the high school district, petitions asking for the exclusion of any school district from the high school district, accompanied by an agreement signed by a majority of the high school board of the high school district, consenting to the exclusion and setting forth the terms thereof, the superintendent of schools shall, after verifying the signatures thereto and finding them sufficient, transmit the petitions and agreement to the board of supervisors of his county, with his recommendation thereon.

"Section 2.641. The board of supervisors after receiving the petition and agreement from the superintendent of schools, together with his recommendation, may thereupon, in their discretion, make an order excluding the school district from the high school district upon the terms agreed upon.

"Section 2.642. No school district shall be excluded from a high school district having an outstanding bonded indebtedness where the exclusion would so reduce the amount of taxable property in the high school district that the outstanding bonded indebtedness would exceed five per cent of the taxable property of the high school district, after the exclusion, as shown by the last equalized assessment of the county or counties in which the high school district is located."

Pursuant to said statutory authority, the Board of Supervisors of Orange County, after a petition had been filed with said board, pursuant to the provisions of section 2.640 of the School Code, accompanied by a copy of the agreement of February 2, 1931, and by a certificate of the County Superintendent of Schools certifying to the sufficiency of the said petition, made its order excluding the Laguna School District from the Tustin Union High School District on February 17, 1931. Subsequent to said order of exclusion, a new section, 2.74, was added to the School Code, effective as of August 14, 1931. This section read as follows: "Whenever any territory withdraws from a union elementary or union high school district, the territory withdrawing shall continue to be liable for such proportion of the bonded indebtedness incurred before such withdrawal, of such union elementary school district or union high school district, as the case may be, as it would have been liable for had it not withdrawn." On June 7, 1932, an election was held in the Laguna School District for the formation of a high school district and on June 10, 1932, after a canvass of the election, the Laguna High School District was declared created; which said High School District was territorially coextensive with the Laguna School District. Thereafter the pupils of the Laguna High School District, in accordance with the original agreement of February 2, 1931, and a subsequent agreement of August 2, 1932, between the Tustin Union High School District and the Laguna High School District, con-

tinued to be cared for by the Tustin Union High School District. On July 3, 1933, the Superintendent of Schools filed with the Board of Supervisors of Orange County a declaration of lapsation of Laguna High School District, under the provisions of section 2.400 of the School Code, and on the same day, the Board of Supervisors made an order declaring said Laguna High School District lapsed. Instead of resorting to the courts to test the validity of this order, another election was held in September, 1933, for the reorganization of the Laguna High School District, and on September 12, 1933, the Supervisors of said county again declared Laguna High School District organized. On June 5, 1934, an election was held in the Laguna High School District for the purpose of voting bonds for the erection of a high school building in said high school district. On June 19, 1934, the election was declared successful by the Board of Supervisors after a canvass of the returns. Commencing in September, 1934, a high school was conducted in Laguna High School District for the ninth, tenth, eleventh, and twelfth grades during the entire school term of 1934–1935 with an average daily attendance of over 175 pupils.

■ By virtue of the enactment of section 2.74 of the School Code, effective August 14, 1931, did the territory comprised within the Laguna School District which had been excluded on February 17, 1931, from the Tustin Union High School District, upon the condition that the Tustin Union High School District should assume all its own bonded indebtedness, provided the Laguna School District established a four-year high school in said Laguna School District, continue to be liable for such proportion of the bonded indebtedness of the Tustin Union High School District, incurred before such withdrawal, as it would have been liable for had it not withdrawn, despite the fact that the territory has become liable for the satisfaction of the indebtedness created by the creation of a new high school in said territory?

The answer, we think, must be in the negative. The original agreement of February 2, 1931, contemplated two separate actions, (1) the exclusion of the Laguna School District upon the fulfillment of the statutory requirements set out by the School Code heretofore quoted, and (2) the assumption by the Tustin Union High School District of all of its own bonded indebtedness upon the establishment of a four-year high school in Laguna School District. The order

of exclusion was to be made as soon as the statutory requirements were fulfilled, and said order was actually made on February 17, 1931. With reference to the establishment by the Laguna School District of a four-year high school, no time limit was set within which said school district must act in order to secure the benefit of the promise of the Tustin Union High School to assume all of its own bonded indebtedness. The exclusion of Laguna School District was not made dependent upon the establishment of a four-year high school, but was complete when the Board of Supervisors made its order excluding it from the Tustin Union High School on February 17, 1931. ■ It follows, therefore, that unless said section 2.74 of the School Code, which by its language deals only with territory withdrawing from certain school districts, is held to operate retroactively, the Laguna School District having regularly withdrawn and having been properly excluded from the Tustin Union High School District prior to the enactment of said code section is not subject to the terms of said section. The section does not purport to operate retroactively, and in the absence of such an expressed intention, and in the absence of any good reason presented why it should so operate, it will not be so construed. (*Blade* v. *Superior Court*, 102 Cal. App. 375 [283 Pac. 81].) We are, therefore, of the opinion that the Laguna School District having actually withdrawn from the Tustin Union High School District on February 17, 1931, prior to the enactment of section 2.74 of the School Code was not bound by the provisions of that section.

■ The argument, however, is advanced to this effect, that, conceding that the Laguna High School District created in June, 1932, might have taken advantage of the agreement entered into on February 2, 1931, by the Laguna School District, and by fulfilling the terms of the conditions,—the establishment of a four-year high school in the Laguna High School District,—have obtained the benefit of the assumption of all of its own bonded indebtedness by the Tustin Union High School, the lapsation of the Laguna High School District under the order of the Board of Supervisors of July 3, 1933, constituted a default under the terms of the agreement, and the Laguna High School District created in 1933 could not benefit by said agreement, but the territory comprised therein was subject to its proportionate share of the outstanding bonds and other expenses of the Tustin Union

High School for which the Laguna School District was liable. This argument is not tenable by reason of the fact that it clearly appears that the order of lapsation, based on section 2.400 of the School Code, was prematurely made and, therefore, invalid. The Laguna High School District was created June 10, 1932. ■ On June 30, 1932, according to the definition of the School Code the school year ended. Section 3.22 of the School Code provides that, ''The school year begins on the first day of July and ends on the last day of June.'' Only twenty days therefore elapsed between the creation of the Laguna High School District and the end of the school year. The next school year was from July, 1932, to July, 1933. During that school year, the Laguna High School District by virtue of the fact that all of its pupils were being cared for by the Tustin Union High School District according to contract, failed to maintain an average daily attendance of ten pupils. Section 2.400 of the School Code provides that: ''When the average daily attendance of pupils in any high school district during the whole of any school year, *after the first school year*, shall be ten, or less than ten, the superintendent of schools having jurisdiction over the high school district shall suspend the high school in the high school district and shall report the fact to the board of supervisors of his county.'' Can it be reasonably argued that the twenty days remaining in the school year 1931–1932 after the creation of the school district constituted ''the first school year'' and that the failure of the district during the ensuing school year to maintain an average daily attendance of ten pupils, require the lapsation of said district? We think to ask the question is to answer it. We are of the opinion that when the order of lapsation was made by the Board of Supervisors the Laguna High School District had been in existence for only one full school year and that said district was entitled under the provisions of section 2.400 of the School Code to another full school year in which to attempt to maintain an average daily attendance of ten pupils. The order of lapsation being premature was void.

■ It is further suggested that in any event the delay of three years and a half in the establishment of the four-year high school was unreasonable and that by virtue of this laches the Laguna High School District cannot claim the benefits of the agreement of 1931. Laches is dependent not

only upon delay, but also upon injury occasioned by the delay. It has been suggested that because property values depreciated during the depression, the Tustin Union High School District suffered a detriment. Obviously the taxpayers within the district are subject to no greater burden now than they would have been subjected to had the four-year Laguna High School been established at an earlier date. In view of the fact that the establishment of the new high school required an election for the issuance of bonds, the sale of bonds, and the entering into a contract for the actual erection of the building, it cannot be said that the delay was unreasonable.

The judgment is affirmed.

Langdon, J., Shenk, J., Edmonds, J., Nourse, J., *pro tem.*, and Waste, C. J., concurred.